MILLER, Respondent, v. WALL *et al.*, Appellants.

1. Where a constable wrongfully levies an execution upon property exempt by law from execution, relief can be had, upon his official bond, against him and his securities, only by action thereon in the name of the state; the 23d and 28th sections of the eighth article of the act concerning justices' courts do not furnish a summary remedy in such case. (R. C. 1855, p. 968.)

*Appeal from St. Louis Law Commissioner's Court.*

*Lackland*, for appellants.

I. Justices of the peace have no jurisdiction of actions on penal bonds. They have jurisdiction only in the cases specified in the statute. No remedy is provided for the defendant in an execution. This case is outside of the classes of cases

referred to in the twenty-third and twenty-eighth sections. The suit, if maintainable at all, should have been brought in the name of the state. There is a misjoinder of defendants.

*Voorhis,* for respondent.

I. The case is clearly within the twenty-third and twenty-eighth sections of the eighth article of the act concerning justices' courts. (R. C. 1855, p. 968.) The action is properly brought in the name of Miller. This is not a suit on the official bond of the constable. It is the summary proceeding provided in the said sections. There is no misjoinder of defendants.

RICHARDSON, Judge, delivered the opinion of the court.

The plaintiff brought a suit in his own name against the defendant Wall and his sureties on his official bond, before a justice of the peace. The ground of action is that Wall, as constable, with an execution in his hands against the plaintiff, levied on property which by law was exempt from execution.

As a general rule, suits on official bonds must be brought in the name of the state to the use of the party injured; (Sickles v. McManus, 26 Mo. 28 ;) but there are exceptions to this rule as to all the cases provided for in the twenty-third and twenty-eighth sections of the eighth article concerning justices' courts. (R. C. 1855, p. 963.) The only question in this case is whether the plaintiff's cause of action is embraced in either of those sections. We think it is not. The twenty-third section was designed to give a simple and speedy remedy to the plaintiff in a justice's execution, or any person who has placed a bond, note or account in the hands of a constable for collection, and the twenty-eighth section applies to persons who are interested in fees to be collected by a constable on execution; but neither section indicates any remedy for the defendant in an execution who may be injured by any unlawful act or omissions of a constable.

The other judges concurring, the judgment will be reversed.