Overall, Adm'r, v. Ellis et als.

ASA N. OVERALL, ADM'R OF MARY PAYNE, DEC'D, Respondent, *v.* VESPASIAN ELLIS, WM. M. LYON, AND JOHN MAGUIRE, Appellants.

1. *Supreme Court—Effect of Decision.*—Where a case has been decided by the Supreme Court, and is again taken up by appeal or writ of error, only such questions will be noticed as were not determined in the previous decision. Whatever was passed upon will be deemed *res adjudicata*, and no longer open to dispute. (See S. C. 32 Mo. 322.*)

2. *Husband and Wife—Marriage Contract.*—Where a marriage contract is made between parties upon a sufficient consideration, reserving to the wife all her separate property as if she were a *feme sole*, the principles of the common law as to the rights of the parties are inapplicable.

*Appeal from St. Louis Court of Common Pleas.*

*Krum, Decker & Krum,* for appellants.

*Hill & Jewett,* for respondent.

WAGNER, Judge, delivered the opinion of the court.

A clear and concise statement of the facts in this case will be found reported in 32 Mo. 322, where it was held that the respondent, having the legal title, had the right to collect the notes and foreclose the mortgage given to secure their payment, and that the liability of the respondent to account to the assignee in bankruptcy did not affect the right of the plaintiff in this suit. The appellants again raise the same point, and insist that the evidence of the proceedings and decree in bankruptcy in the matter of Thomas J. Payne should have been admitted, and that the rights of the assignee in bankruptcy are a bar to respondent's recovering in this action.

When a case has been decided in this court, and again comes here on appeal or by writ of error, only such questions will be noticed as were not determined in the previous decision; whatever was passed upon will be deemed *res adjudicata*, and no longer open to dispute or further controversy.

---

* See Chambers' Adm'r v. Smith's Adm'r, 30 Mo. 157; Roberts v. Cooper, 20 How. 467.

Several questions are presented in regard to the exclusion of evidence, but, as the evidence has not been preserved in the bill of exceptions, nor sent here with the transcript of the record, we can take no notice of them. The marriage contract entered into prior to the solemnization of the marriage between Thomas J. Payne and Mary Jones, vested all the property of Mary, both real and personal, in her during her coverture in like manner as if she had been *sole*. It extended to choses in action, and included the notes and mortgage involved in this controversy. There is no evidence that Payne ever had them in his possession otherwise than as Mary's agent or trustee, which privilege he possessed in strict accordance with the contract. Had there been no contract, and the notes had been reduced to possession, they would have been his by virtue of the marital relation. But here was a contract in express terms, founded upon a sufficient consideration, reserving to the wife all her separate property, which abrogated and rendered entirely inapplicable the principle of law contended for by appellants.

The main ground of defence alleged in the answer was, that the notes had been paid and the mortgage satisfied. There was an entire absence of proof to sustain the allegation. The instructions of the court were correct and unobjectionable, and it is obvious that no error has been committed.

Judgment affirmed. Judge Holmes concurs; Judge Lovelace absent.