William Lane, Plaintiff in Error, v. The Chicago, Rock Island & Pacific Ry. Co., Defendant in Error.

### Kansas City Court of Appeals, July 6, 1885.

1. Railroads—Fencing in Incorporated Towns.—A railroad company is not *required* to fence along the sides of its railroad at any point within the limits of an incorporated town; but it may *lawfully so fence* its railroad at any place within the limits of such a town, where its railroad is not crossed by streets or alleys already opened or dedicated to the public, and where, by so fencing the railroad, the public would not be inconvenienced. *Wymore v. R. R. Co.*, 79 Mo. 249.

2. ——— Violation of Rules of this Court.—Where a map, used in evidence in the court below was a lithograph map, and a copy of it attached to the transcript of record in this court, and the abstract of the record referred to the page of the transcript, on which the map may be found, *held*, a sufficient compliance with the rules requiring the abstract of record to contain an abridgment of record to be set forth showing all the questions presented to this court for decision

Error to Clay Circuit Court, Hon. Geo. W. Dunn, J

*Reversed and remanded, with directions.*

Statement of case by the court.

This suit was begun before a justice of the peace in Clay county, to recover the value of a cow, killed by the defendant's engine and cars, within the limits of the town of Liberty.

It was alleged, in the statement, that the defendant was operating the railroad of the Hannibal and Saint Joseph Railroad Company, under a lease from the latter company, and in the circuit court, to which the defendant had appealed from a judgment rendered against it by the justice of the peace, this allegation was admitted by the defendant. The defendant also admitted that it ran over and killed the plaintiff's cow, as alleged in the statement.

This suit is founded upon the failure of the companies, owning and operating said railroad, to erect and maintain fences along the sides of said railroad, in the

limits of the town of Liberty, at the points at which the plaintiff's cow got upon the track, and was killed, and where, as alleged and contended by plaintiff, it was lawful for defendant to so erect and maintain fences.

It was shown by a plat or map of the town of Liberty, introduced in evidence during the trial, by the plaintiff, that two streets of said town cross said railroad, the one on the west being Leonard street, and the one on the east being Jewell street; that those streets run north and south, that the distance between them is about twelve hundred feet, as indicated by the scale of the map—five hundred feet to one inch—and that for the whole distance of twelve hundred feet the said railroad ran east and west; that on the north side of the railroad right of way, between those streets, was Arthur's first addition to the town of Liberty, with its lots and blocks, three alleys and one street, Light Burne, the street and alleys, however, ending at, and abutting against, the right of way; and that on the south side of said railroad, and adjacent to its right of way, was Arthur's second addition to said town, with its lots and blocks, but without any streets or alleys extending to, or touching, said right of way. The evidence showed that there was no fence along the railroad between those streets, and that the animal got upon the track and was killed between those streets, at a point opposite the end of one of the alleys in Arthur's first addition, and forty or fifty feet from Jewell street. The facts, giving jurisdiction to the justice of the peace, before whom the suit was originally brought, were admitted by the defendant.

The defendant asked no declaration of law. For the plaintiff the court gave the following declarations of law:

"1. That the term ' public highway,' used in section 2124, Revised Statutes, 1879, includes the terms ' street' and ' alley.'"

"2. That portion of the Hannibal and St. Joseph Railroad, lying between the road from Liberty to Missouri City, or Jewell street, and the road from Liberty to Liberty Landing, or Leonard street, if not laid off into lots or blocks, nor intersected by streets or alleys, is a por-

tion of said railroad to which section 2124, Revised Statutes, applies."

"5. If, under the preceding instructions, the court shall find that plaintiff's cow was killed on a portion of said railroad that was not enclosed by a lawful fence, nor in the crossing of any public highway, and where defendant, or the Hannibal & St. Joseph Railroad Company, might lawfully enclose said railroad by a lawful fence, the findings of the court must be for the plaintiff, and the court, sitting as a jury, must assess his damages at the value of the cow when she was killed, as proved in the evidence, and this without any proof of negligence, unskilfulness or misconduct on the part of the officers, agents or servants of defendant."

The following declarations of law, asked by plaintiff, were refused:

"3. If a street, or alley, runs simply to the line of the right of way of the Hannibal & St. Joseph Railroad in either of the additions made to the city of Liberty by Michael Arthur, and there stops and does not cross such right of way, then to fence such right of way along the terminal line of such alley or street could in law be no obstruction of the same, and the defendant, or the Hannibal & St. Joseph Railroad Company, has the lawful right to fence its railroad along such terminal line. It is understood in this instruction that the 'terminal line,' above mentioned, is identical with so much of the line of the right of way."

"4. If the fencing by defendant, or the Hannibal & St. Joseph Railroad Company, of that portion of said railroad lying between Jewell street and Leonard street, as shown in the plat of the city of Liberty, and the construction of cattle guards at the extremities of said portion—it being understood that the lines of fencing shall not go outside of the right of way—will not obstruct any street or alley, or public crossing, as understood in plaintiff's instruction numbered three, then section 2124, Revised Statutes, 1879, applies to said portion of said railroad."

The court, sitting as a jury, found for the defendant.

From the judgment rendered in that finding the plaintiff has brought the case, by writ of error, to this court.

D. C. Allen, for plaintiff in error.

I. The *evidence* establishes these facts: (1) The portion of the road in controversy is a part of the right of way granted in 1860, by Arthur and wife. (2) It was not enclosed, at the time of the killing, by a lawful fence, with proper cattle-guards. (3) It was never included in any addition to the city of Liberty. (4) It appears by the map of the city, in evidence, that *this portion* is not crossed by streets or alleys, nor laid off into lots or blocks. (5) The cow was not killed in the crossing of any public highway, whether road, street, lane, avenue, or alley. The case was, therefore, proven strictly within the principle of section 2124, Revised Statutes of Missouri, 1879. *Wymore v. Hannibal & St. Joseph R. R.*, 79 Mo. 247; *Edwards v. Same*, 66 Mo. 567.

II. The evidence brings the case not only within the general principles of section 2124, Revised Statutes, Missouri, 1879, but within the principle, as seemingly restricted by the supreme court, when, in reference to animals killed within the corporate limits of towns and cities, it uses the phraseology "laid off into lots and blocks," and "intersected by streets, lanes, avenues, or alleys"—although the phraseology is misleading. The principle of section 2124 *applies everywhere*, *except* in the following cases: (1) When there is a legal inhibition against fencing, as in case of crossing of streets, or other public highways. (2) Where fencing would result in inconvenience to the public, as in case of station grounds. (3) Where danger or great inconvenience would result from fencing to trainmen in the management of trains, as in the case of the switch limits of a station. (4) Where the provisions of section 809 (Revised Statutes, Missouri, 1879, the double damage section), specially apply. The only question where neither of these four exceptions applies, is, can the railroad company lawfully fence its track at the point of injury? If it can, then section 2124

applies there.  It plainly appears that it could *in this case.*

III.   The court erred in refusing to give plaintiff's instructions numbered three and four—they are the logical complement of number two, asked for and given to plaintiff, and having given number two, it is impossible to ascertain on what theory the circuit court made its findings.  The findings were manifestly against law and evidence.  *Ackley v. Stachlin,* 56 Mo. 558.

M. A. Low, for defendant in error.

I.   The abstract does not purport to set out all the evidence.  The rules respecting abstracts were adopted substantially from the rules of the supreme court of Iowa.  That court has always held that where the abstract does not purport to set out all the evidence, the sufficiency of the evidence to support the judgment, or warrant the giving or refusing of instructions will not be inquired into.  *Rice v. Plymouth Co.,* 53 Iowa 635; *Obert v. Ober,* 51 Ia. 540 ; *State v. Nichols,* 38 Ia. 110.

II.   There was no error in refusing the third and fourth instructions asked by plaintiff—those given stated the law as fully and favorably for plaintiff as he had any right to demand.  The declarations refused were mere arguments on the supposed facts.  There was no evidence to justify the giving of such declarations.  The plat filed is not now before the court, not being set out in the abstract; and there is no evidence, so far as the abstract shows, that the plat was a correct representation of the locality.  *Everett v. Union Pacific R. R. Co.,* 69 Iowa 243.

III.   The judgment is not contrary to the evidence.  Under the declarations of law given, the court must have found that the plaintiff had not proven that the cow was killed at a point where the defendant was required to fence.  The fact that the railway grounds were not subdivided into lots and blocks on both sides of the track was immaterial.  There were lots and blocks on both sides of the track, and there were also streets leading across the track on both sides of the point where the ac-

cident occurred. In *Lord v. Chicago, Rock Island & Pacific Ry. Co.*, the animal was killed on a part of the railway where the streets were nine hundred feet apart, yet it was held that plaintiff could not recover.

IV. There is no similarity between this case and *Wymore v. Hannibal & St. Joseph R. R. Co.* (79 Mo. 247). In that case the animal went upon the track where the railway ran through a four-acre lot, which was not laid out in lots or blocks, and which was not "inter. sected by streets or alleys in any direction." There is no such showing here as that the ground could be fenced without interfering with any street, lane, avenue or alley

Opinion by HALL, J.

1. The plaintiff complains of the action of the circuit court in refusing the declarations of law, numbered three and four, asked by him. If they were abstractly correct they should have been given, because there was sufficient evidence to support them. "Wherever the railroad company may lawfully fence, that section (section 2124 of Revised Statutes) applies." *Wymore v. R. R. Co.*, 79 Mo. 249; *Edwards v. R. R. Co.*, 66 Mo. 571.

The only question presented for our consideration under this point is, whether the defendant or its lessor, the Hannibal & St. Joseph Railroad Company, might have lawfully fenced the railroad between Jewell and Leonard streets. This question, we think, has been answered in the affirmative by the supreme court in the case of *Wymore v. R. R. Co., supra.* The trial court thought differently, basing its opinion, no doubt, upon the fact that in that case the land, through which the railroad ran, was not laid off into lots and blocks, while in this case the land, through which the railroad runs, is as above stated. But as we understand that case, it is based, not upon that fact, but upon the fact that no streets were opened or established through the railroad right of way, across the track, for the distance in proof in that case. This understanding of ours is strengthened by the quotation, in the opinion in that case, of the following language used by Judge Bliss in the case of *Ellis*

*v.· R. R. Co.* (48 Mo. 232): "But where the corporation lines embrace a portion of an adjacent county not actually laid out as a town, *or so laid out that no streets cross the railroad,* the reason for the exception does not apply. * * * " By the case of *Wymore v. R. R. Co., supra,* as we understand it, it is decided that the railroad company is not *required* to fence along the sides of its railroad at any point within the limits of an incorporated town, but that it *may lawfully* so fence its railroad at any place within the limits of such a town, where its railroad is not crossed by streets or alleys already opened or dedicated to the public, and where by so fencing the railroad the public would not be inconvenienced. That we are right as to the meaning of that case is conclusively shown by the language used in the subsequent case of *Young v. R. R. Co.* (79 Mo. 339): "There are places within incorporated towns where the railroad may fence, *as where there are no streets or alleys, and the public travel would not be interrupted by such fence.* This matter has been reviewed and the law so settled in the case of *Wymore v. Hannibal & St. Joseph R. R., ante,* 247."

It follows, necessarily, from those cases, that where the railroad operated by defendant was not crossed by a street or alley for the distance of 1200 feet, it might lawfully have been fenced, within the limits of the town of Liberty, at that place; and that the court should have given the declarations of law, numbered three and four, asked by plaintiff, in connection with number five, given for him.

2. The only evidence to sustain those declarations of law, numbered three and four, asked by plaintiff, was contained in the map of the town of Liberty.

The plaintiff's abstract of the record contains the declarations of law, given and refused, and all the admitted facts and evidence in the case, except the said map, to which reference, only, is made. A copy of the map is not in the plaintiff's abstract. The failure of the abstract to contain such a copy of the map, where the

map contained the only evidence to support those said declarations of law, the defendant contends to be violation of the rules governing the practice in this court.

We do not consider such failure a violation of the rules of this court. Had the facts, shown by the map, been evidenced by oral testimony, it would have been necessary for the abstract to contain such evidence, or sufficient excerpts from it, to support said declarations of law. But the map introduced in evidence, as shown by the copy of it attached to the record, was a lithograph map, and on account of the impossibility to reproduce the map except at great expense, we think the reference contained in the abstract to the page of the record on which the map may be found is a sufficient compliance with the rules. Especially as the map filed with the record is much more satisfactory than any copy other than an exact and expensive copy.

The judgment of the circuit court is reversed and the cause is remanded for further proceedings in conformity herewith. All concur.