N. C. BAILEY, Respondent, v. W. W. WADE, Appellant.

Kansas City Court of Appeals, January 10, 1887.

1. INJUNCTION—RULE CONCERNING THE REMEDY BY—IN WHAT CASES AUTHORIZED.—According to the well established rule in chancery practice, to authorize a resort to injunction as a remedy for trespass, the bill should show and aver that the threatened injury is so irreparable in its character as not to admit of adequate and ready compensation in an action at law for damages ; or that the trest passer was so insolvent as to render a money judgment agains him unavailing. High on Injunction, sect. 697, *et seq.* But there are *exceptions* to this rule, as where a resort to an action at law would likely be productive of a multiplicity of suits, or where the personal property is *pretium affectionis.*

2. —— RULE HOW FAR MODIFIED BY THE STATUTE—CONSTRUCTION OF SECTION 2722, REVISED STATUTES.—Under section 2722, Revised, Statutes, providing that "the remedy by writ of injunction or prohibition shall exist in all cases where an injury to real or personal property is threatened, and to prevent the doing of any legal wrong whatever, whenever, in the opinion of the court, an adequate remedy cannot be afforded by an action for damages ;" the effect of this provision is to relieve the relator from showing irreparable injury, or the insolvency of the defendant *only* where "an adequate remedy cannot be afforded by an action for damages." *Echelkamp v. Schrader,* 45 Mo. 505.

APPEAL from Hickory Circuit Court, HON. W. I. WALLACE, Judge.

*Reversed and remanded with directions.*

The case and facts are stated in the opinion.

S. A. WARDAN and J. H. DAVIDSON, for the appellant.

The petition does not state facts sufficient to constitute a cause of action, nor justify the judgment appealed from, in this: For anything therein appearing, there is a full and adequate remedy at law by an action against defendant and his securities on his official bond; and the injunction should, therefore, be dissolved. *Stockton v. Ransom, Adm'r*, 60 Mo. 535; *James v. Dixon*, 20 Mo. 79; *Burgess v. Kastleman*, 41 Mo. 480; *Weigel v. Walsh*, 45 Mo. 560; *Anderson v. St. Louis*, 47 Mo. 474; *Echelkamp v. Schrader*, 45 Mo. 505; *Damschroeder v. Thias*, 51 Mo. 100; sect. 2722, Rev. Stat.

WM. R. HUDSON, for the respondent.

I. The bill of exceptions must show the filing of the motion for a new trial, and the date thereof, and also that said motion was filed within four days after trial. *Demske v. Hunter*, 23 Mo. App. 466.

II. The appellant was a trespasser on the rights and property of the respondent. *Muelrath v. Roemheld*, 3 Mo. App. 564; *Waite v. Mathews*, Sup. Ct. Mich. April, 1883; Cent. Law J. Dig. Cases, July 6, 1883; Smyth on Homesteads and Exemptions, sects. 547 to 551 inclusive; *Conklin v. Barada*, 57 Mo. 562.

III. The demurrer to the bill was properly overruled. It was not necessary to allege the insolvency of the constable or his bondsmen. *McPike v. West*, 71 Mo. 179. It was not necessary to allege in the bill that the damages would be irreparable. Rev. Stat., sect. 2722. Neither of these is necessary to maintain injunction. *Bank v. Kercheval*, 65 Mo. 682; *Turner v. Stewart*, 78 Mo. 480; *Weigel v. Walsh*, 45 Mo. 560. It is enough that a legal wrong was about to be done, the property was advertised and was about to be sold, *which was ex-*

*empt*, and which had been claimed and demanded. Rev. Stat., sect. 2722; *Turner v. Stewart, supra.*

IV. The only *adequate* remedy in this case is by injunction. Where public officers assume powers over property not given them by law, they are no longer considered as acting under authority of their commissions, but are treated as persons dealing with property without legal authority. Story's Eq. Juris., sect. 955; *Nichols v. Claiborne,* 39 Texas, 363; *Vogler v. Montgomery,* 54 Mo. 577; *Damschroeder v. Thias,* 51 Mo. 100.

PHILIPS, P. J.—The defendant, as constable, levied an execution, from a justice's court, on a horse, as the property of the respondent. The respondent, plaintiff below, claimed the horse as exempt from execution, and so notified the defendant, constable. On the refusal of the defendant to release the horse, the plaintiff instituted the present action of injunction in the circuit court to enjoin the sale. The petition alleges the facts aforesaid, and charges that the plaintiff, in the event of such sale, would be without adequate remedy at law, and would sustain great damage. On the hearing of this cause the facts concerning the judgment, the issue of the execution, and levy were established. The plaintiff also introduced evidence tending to show that the horse was exempt from execution, and that he made demand of the constable for his release, and that the constable threatened to proceed with the sale.

The defendant made proof of his solvency, as well as of the sureties on his official bond; and that the plaintiff in the trial before the justice of the peace in which the judgment was had swore that he did not own the horse. The court rendered judgment making the injunction perpetual. From this judgment the defendant appealed.

I. The single question for determination on this appeal is, will the remedy by injunction lie? According to the well established rule in chancery practice, to

authorize a resort to injunction as a remedy for trespass
the bill should show and aver that the threatened injury
is so irreparable in its character as not to admit of ade-
quate and ready compensation in an action at law for
damages, or that the trespasser was so insolvent as to
render a money judgment against him unavailing.   High
on Inj., sects. 697, 701, 717.   There are exceptions to
this rule, as where a resort to an action at law would
likely be productive of a multiplicity of suits, or where
the personal property is *pretium affectionis*.

Our Supreme Court has repeatedly recognized this
rule.   In *James et al. v. Dixon* (20 Mo. 80), the court
held that an injunction would not lie to restrain a tres-
pass unless the trespasser was insolvent, or the injury
was irreparable.   Scott, J., said: "An injunction is
not granted to restrain a mere trespass, where the injury
is not irreparable and destructive to the plaintiff's
estate; but is susceptible of perfect pecuniary com-
pensation, and for which a party can obtain adequate
satisfaction in the ordinary course of law."   This was
followed in *Burgess v. Kastleman* (41 Mo. 480), in
which Wagner, J., observed: "Where a party has a
remedy at law, he cannot come into equity unless, from
circumstances not within his control, he could not avail
himself of his legal remedy.   An injunction will not be
granted where the injury is susceptible of perfect pecun-
iary compensation, and for which a party can obtain
adequate satisfaction in the ordinary course of law.
That full compensation can be had at law, is the great
rule for withholding the strong arm of the chancellor.
The party must be insolvent, so that an action at law
would be unavailing, or the injury so irreparable in its
nature that the plaintiff would be remediless without the
interposition of the injunctive process."   These cases
were followed in *Echelkamp v. Schrader* (45 Mo. 505),
and in *Weigel v. Walsh* (*Ib.* 560).

There is neither any allegation of insolvency in the
bill, nor proof of it at the hearing, nor of irreparable in-

jury. Why then has not the plaintiff an adequate and complete remedy at law? The property being exempt from seizure and sale under execution for the debts of the relator, the constable, especially after notification by the defendant in execution, was a trespasser, and he and the sureties on his official bond would be liable as for a conversion. *Miller v. Wall*, 27 Mo. 440; *Megehe v. Draper*, 21 Mo. 510; *State ex rel. v. Barada*, 57 Mo. 562; *State ex rel. v. Ketzeborn*, 2 Mo. App. 351; *State v. Taylor*, 3 Mo. App. 351; *State v. Romer*, 44 Mo. 99. No title would pass by such sale. The relator could replevin it. Freeman on Ex., 215; Wells on Replevin, 268; *Rowell v. Klein*, 44 Ind. 296.

II. It is insisted, however, that these rules of chancery have been modified by section 2722, Revised Statutes. This section is as follows: "The remedy by writ of injunction or prohibition shall exist in all cases where an injury to real or personal property is threatened, and to prevent the doing of any legal wrong whatever, whenever, in the opinion of the court, an adequate remedy cannot be afforded by an action for damages."

The effect of this provision is to relieve the relator from showing irreparable injury, or the insolvency of the defendant only where "an adequate remedy cannot be afforded by an action for damages." *Bank v. Kercheval*, 65 Mo. 682; *Turner v. Stewart*, 78 Mo. 480.

In the first case the injunction was sustained, as the property was in the nature of a fixture, and because of its peculiar character it would be difficult to measure the damages by an action at law, and in the latter, coupled with a like difficulty of ascertaining approximately what such damage would be, it would probably necessitate a resort to a multiplicity of suits.

Not so here. The property in question is a horse. In the absence of a *pretium affectionis* there would be no difficulty in establishing his value, and only one suit would be necessary to a complete adjustment.

III. Since the adoption of said section 2722, in the

statute of 1865 (G. S., p. 669, sect. 24), this question has frequently been before the Supreme Court, and it was not supposed to interfere with the recognized rule, that in the absence of insolvency on the part of the trespasser, especially as to personal property, the remedy by injunction would not lie, where full compensation was readily attainable in the action for damages. *Burgess v. Kastleman, supra; Echelkamp v. Schrader, supra; Weigel v. Walsh, supra; Hopkins v. Lovell,* 47 Mo. 102.

In *Leslie v. City of St. Louis* (47 Mo. 474, 479), Wagner, J., used the following broad language: "Courts of equity never allow relief by injunction to prevent the sale of personal property, but where real property is about to be sold * * * for the payment of taxes or assessment, equity will interpose. The distinction lies in the fact that in the one case a full and complete remedy is furnished at law, while in the other a cloud is about to be cast over a land title, and the court interferes to prevent it."

It seems to me that to affirm this judgment would, practically, be to wipe out all distinction, in such cases, between common law and equity remedies, and make either remedy a mere matter of election at the pleasure of the suitor. Until the legislature shall see fit by enactment to obliterate these distinctions, so plainly and broadly written in our jurisprudence by the learned and experienced jurists of both England and America, we shall be content to follow where they have led.

The other judges concurring, the judgment of the circuit court is reversed, and the cause remanded with directions to the circuit court to dissolve the injunction and dismiss the petition at plaintiff's cost.