Hombs v. Corbin.

GIBSON R. HOMBS, Appellant, v. EARLY CORBIN, Respondent.

Kansas City Court of Appeals, March 4, 1889.

1. **Practice : BURDEN OF PROOF : REPLEVIN : FRAUD.** In an action of replevin where the petition, in the usual form, alleged that plaintiff was the owner and entitled to the possession of the property therein mentioned ; and the answer of the defendant, a constable with executions against one Johnson, vendor of the plaintiff, assailed the validity of plaintiff's title on the specific grounds of a fraudulent intention on the part of Johnson, participated in by the plaintiff with respect to the sale and purchase of the property, and charges conspiracy and fraud between plaintiff and Johnson ; and the reply puts these matters in issue,—this state of pleading admits plaintiff's *prima-facie* case and imposes the burden of proof upon the defendant ; and it is error to instruct the jury, in effect, that if Johnson sold said property to plaintiff with the intention of defrauding his creditors then such sale was void unless plaintiff was ignorant of such intention and the burden of proving such ignorance was on him, overruling *Hombs v. Corbin,* 20 Mo. App. 497.

Hombs v. Corbin,

2. **Execution**: EXEMPTIONS: EVIDENCE OF SELECTION: ADMISSIBILITY OF. In such action and under such state of pleading it is error to refuse an offer of plaintiff to admit in evidence a written notice served on the defendant by Johnson before the levy by defendant or the sale to plaintiff, selecting under section 2346, of Revised Statutes, the goods in question, in lieu of the articles exempted under the first and second subdivision of section 2343; and it is *held, arguendo,* that the execution debtor and his vendee take as absolute a title with as full power of disposition in and to such selected goods as they do to the property specifically exempted by the statute, though in a contest between the vendee of the debtor and the officer under an execution, as to such selected goods, the burden of proof would be on the vendee to show such selection.

3. **Stare Decisis**: RULE LAID DOWN ON FORMER APPEAL, THOUGH ERROR, MUST GOVERN ON SECOND APPEAL. When a case has been decided by an appellate court upon solemn argument and again comes to such court by appeal or writ of error, only such questions will be noticed as were not determined in the previous decision; and whatsoever was passed upon must be regarded as *res adjudicata;* and this case, having been retried on the theory and principles laid down in the former decision (20 Mo. App. 497), is, notwithstanding the above errors, affirmed.

*Appeal from Macon Circuit Court, at La Plata.*—HON. ANDREW ELLISON, Judge.

AFFIRMED.

*H. F. Millan* and *Edward Higbee*, for appellant.

Hombs was in possession of the goods in question, under a purchase from Johnson, and payment of a fair price, and was *prima-facie* owner. Corbin seeks to impeach the *bona fides* of this sale and affirms in his answer that Hombs was a *mala-fide* purchaser, and knew that defendant held executions against Johnson. The burden was on the defendant to prove these affirmative allegations, and to show that Hombs' *prima-facie* title was wrongful and fraudulent, and the court erred in giving defendant's instructions 1 and 6. 1 Greenleaf [13 Ed.] p. 93, sec. 74, n. 1 and 2; Stark's Ev. 586;

Hombs v. Corbin.

Bump on Fraud Con. [ 2 Ed. ] 581 ; 1 Wh. Ev., sec. 366 ; 2 Wh. Ev., sec. 1248 ; Stephens' Dig. of Ev. [ 2 Ed. ] 115 art. 93 ; 116 art. 95 ; 118 art. 96 ; *Morris v. Morris,* 28 Mo. 114, 119 ; *Sutter v. Lackmann,* 39 Mo. 91 (4 syl.) 99 ; *Johnson v. McMurry,* 72 Mo. 278 ; *Albert v. Besel,* 88 Mo. 150 ( 2 syl ) ; *Singer v. Goldenburg,* 17 Mo. App. 249 (2 syl) ; *O'Connor v. Alexe,* 28 Mo. App. 184 ( 3 syl ). The court erred in excluding as evidence from the jury Johnson's notice to Corbin claiming the goods as exempt from the execution. The assertion of the debtor's exemption avoided the levy. *Stone v. Spencer,* 77 Mo. 356, 361 ; *Hombs v. Corbin,* 20 Mo. App. 497 ; *Vogler v. Montgomery,* 54 Mo. 577, 584 ; *Bailey v. Wade,* 24 Mo. App. top p. 190 ; *State ex rel. v. Emmerson,* 74 Mo. 607, 611 ; *State v. Barada,* 57 Mo. 562, 566 ; *State v. Dill,* 60 Mo. 433 ; *Megehe v. Draper,* 21 Mo. 510.

No brief for respondent.

SMITH, P. J.—I. This case is here the second time by appeal. *Hombs v. Corbin,* 20 Mo. App. 497.

It will be observed by an examination of the instructions, *only* twenty-one in number, that they were mainly framed so as to meet the views of this court as expressed in the opinion in 20 Mo. App. *supra.*

The principal contention of the plaintiff now is that the circuit court erred in giving for the defendant instructions numbered one and six which directed the jury that, upon the issue of fraud as made by the pleadings, the burden of proof was on the plaintiff.

The petition alleged that the plaintiff was the owner of the property. The answer denied this allegation and charged that the ownership of the property was in Johnson, and that it was subject to levy and sale under certain executions in the defendant's hands, as constable, and that he was entitled to the possession thereof ; that plaintiff and Johnson conspired together to defraud the

creditors of Johnson, who pretended to sell the property to plaintiff, and, with a full knowledge of the fact, the plaintiff intending to aid Johnson in his fraudulent purpose pretends to have purchased the same.

These allegations of fraud were controverted by the replication.

The defendant in his answer assailed the validity of the plaintiff's title to the property on the specific grounds of a fraudulent intent on the part of Johnson, participated in by the plaintiff, with respect to the sale and purchase of the property.

Under this state of the pleadings the burden of proof was imposed upon defendant. The plaintiff's *prima-facie* case was admitted.

Unless the defendant affirmatively sustained his alleged grounds of impeachment of the plaintiff's title, the verdict under the pleadings would have to be for the plaintiff.

Yet in the face of this condition of the pleadings the circuit court by said first and sixth instructions for defendant directed the jury in effect, that if Johnson sold said property to plaintiff with the intention of defrauding his creditors then such sale was void unless plaintiff was ignorant of such intention and that the burden of proving such ignorance was on him. Thus was shifted the burden of proof from where it logically belonged under the pleadings.

This was contrary to the law and the reason of the law. *Albus v. Bessel*, 88 Mo. 150 ; *Hazell v. Bank*, 95 Mo. 60.

It would appear that the contrary view of the law was taken by this court in its opinion reported in 20 Mo. App. *supra*, but that case upon this point must be considered as overruled.

The supreme court of this state in the cases just cited has, we think, authoritatively declared the rule in such cases, and in obedience to the requirements of the

constitution we must promptly conform in our rulings thereto.

But for this error we cannot reverse the judgment.

When a case has been decided by an appellate court upon solemn argument and again comes to such court by appeal or writ of error, only such questions will be noticed as were not determined in the previous decision. Whatever was passed upon must be regarded as *res adjudicata*. *Conroy v. Iron Works*, 75 Mo. 641 ; *Metropolitan Bank v. Taylor*, 62 Mo. 338 ; *Overall v. Ellis*, 38 Mo. 209.

In Indiana it has been held by the supreme court of that state that, where a case has been appealed to the supreme court, the decision on the appeal constitutes the law of the case on a retrial, and the giving of an instruction on the second trial in accordance with such decision is not cause for reversal. *Pittsburg C. & St. L. Ry. Co. v. Hixon*, 11 N. E. Rep. 285.

The supreme court of the United States have adopted a similar ruling. *U. S. v. 422 Casks of Wine*, 1 Pet. 547 ; *Wright v. Sell*, 2 Black, 544.

" It concerns the public that things adjudged be not rescinded."

II.  The plaintiff at the trial offered to show that before the defendant seized said property under his execution, that he gave him notice in writing that " I select and claim as exempt from execution the following property—the same being that in controversy—under and by virtue of the provisions of section 2346 of the Revised Statutes, in lieu of the property, mentioned in the first and second subdivisions of section 2343 of said statutes," which offer the court refused and of this plaintiff complains.

The notice was given before the sale of the property by Johnson to plaintiff.

The question thus arises whether an execution debtor, who has the right to select and does select property as exempt from execution under section 2346,

Revised Statutes, in lieu of the specific property mentioned in the first and second subdivisions of section 2343, and then sells the property so selected, avoids the levy as to the vendee of the execution debtor. This question is answered in the affirmative in the case in 20 Mo. App. *supra*, as to the specific articles of property mentioned in said section 2343; but it was held otherwise as to property which the debtor may select in lieu of the property exempted on the ground that the "right of selection is purely a personal privilege and not transferable as the debtor alone can make such selection, and he alone can avoid the levy on account of the failure of the officer to give him an opportunity to make it."

No good reason is perceived why property which is selected by the debtor in lieu of the property specially exempted should not after such selection stand exactly on the same legal footing.

If the selected property takes the place of that specially exempted in fact, why not in law? The selected property by the exercise of the statutory right of selection becomes segregated and impressed with a special character. It thereby took the place of the special property.

Specially exempt property is so declared by statute, and other property under the same statute may be made to take its place by the act of selection, and thus partake of a special character.

In the one case the legislature directly specifies the property so exempt, and in the other the execution debtor specifies the property by exercising the power of selection.

What reason can be urged in support of the doctrine that property, specially exempt, is protected in the hands of the debtor's vendee, and that, which is made special by the power of selection under the statute, is not so exempted.

It is upon the idea of personal privilege. After the debtor has exercised his right of selection, the selected property is withdrawn from the grasp of the execution levy for that is the effect of the selection.

The debtor resumes thereby his dominion over the property and his right of disposition. Without the power of disposition the debtor would take a qualified instead of an absolute title by exemption. The right of selection would be a barren right. This does not comport with the spirit and purpose of the statute as we think.

In *Stone v. Spencer*, 77 Mo. 356, it is in effect held, that between an officer claiming under an execution levy as against the vendee of the debtor, property exempted by reason of the selection thereof, in lieu of specially exempted property under the statute, the burden of proof was on the vendee to show such exemption : that is, that the debtor had the right to make the statutory selection and made it as to the disputed property. After the notice of selection the constable holding the property thereafter becomes a trespasser. *Baily v. Wade*, 24 Mo. App. 190.

It is the duty of the officer to apprise the debtor of his rights and to yield to his selection and release the property. *State v. Barada*, 57 Mo. 562.

It would hardly be contended that the debtor would be deprived of his statutory right of selection by the failure of the officer to apprise him of it. He could exercise this right without any other notice than the statue which declares it. The right of selection may be exercised at any time before the sale. *State v. Emmerson*, 74 Mo. 607.

The plaintiff insists that when the debtor has exercised his right of selection under the statute the property so selected stands as if specially exempted by it, and that the vendee of the debtor may plead the selection so made.

This ought to be so, for a contrary rule would frustrate the beneficent objects of the statute.

All exemption laws must be liberally construed. *State v. Dill*, 60 Mo. 433. While the circuit court erred in its refusal to permit the plaintiff to prove his notice to the defendant that Johnson had exercised his right of selection under said statutory provision yet inasmuch as that ruling finds authoritative sanction in the opinion of this court when the case was here before, under the principle of *stare decisis* announced in the case hereinbefore cited *we must as to this case adhere* to our ruling in the former opinion on this point.

It follows, the judgment is affirmed. GILL, J., concurs, ELLISON, J., not sitting.