WILLIAM LANE, Respondent, v. CHICAGO, ROCK ISLAND AND PACIFIC RAILWAY COMPANY, Appellant.

35 567
37 631

Kansas City Court of Appeals, April 15, 1889.

1. **Res Adjudicata:** QUESTIONS SETTLED ON FIRST APPEAL ARE. Where on a retrial the trial court follows the directions of the appellate court, such action cannot be questioned on second appeal, and must be regarded as *res adjudicata.*

2. **Practice:** INSTRUCTIONS REFERRING TO STATUTE : HARMLESS ERROR. It is not proper in instructions to the jury to refer them to the sections of the statute ; but where such reference is to the section, on which, from the undisputed facts, the action is founded, the error may be regarded as harmless.

3. **Appellate Practice:** INCONSISTENCY OF INSTRUCTIONS: ASSIGNMENT OF ERRORS. SHOULD CONTAIN. Complaint, that there is inconsistency between certain of defendant's instructions and certain of plaintiff's, cannot be noticed in the appellate court when not contained in the assignment of errors, and besides such complaint could avail nothing where plaintiff's instructions properly declared the law.

*Appeal from the Clay Circuit Court.*—HON. J. M. SANDUSKY, Judge.

AFFIRMED.

*M. A. Lowe* and *T. E. Turney,* for appellant.

(1) The court erred in giving to the jury instructions numbered 1, 2, 3 and 4, asked by plaintiff, and in giving each of them. These instructions refer the jury to section 2124 of the Revised Statutes. It is the duty of the court to instruct the jury with respect to the law of a case, and it is improper to refer them, for any purpose, to the statutes to ascertain any issue of law involved in the case before them. (2) Plaintiff's

Lane v. Chicago, R. I. & Pac. Ry. Co.

instruction number 5 and defendant's instruction number 1 are inconsistent. *Clark v. Hammerle*, 27 Mo. 55; *Fitzgerald v. Hayward*, 50 Mo. 516; *Wood v. Steamboat*, 19 Mo. 529. Instructions should not be restricted to one fact, or set of facts, which only cover part of the case being tried. *Raysdon v. Trumbo*, 52 Mo. 35. A contradiction between two instructions, so far from correcting the evils of either, multiplies them in both. *State v. Nauert*, 2 Mo. App. 295; *Henschen v. O'Bannon*, 56 Mo. 289.

*D. C. Allen*, for respondent.

(1) The instructions given respondent were legal and proper, and had been approved by this court. *Lane v. Railroad*, 18 Mo. App. 555. (2) Instruction number 1 given to appellant on its own motion, was erroneous and should not have been given. R. S. 1879, sec. 2124; *Cowgill v. Railroad*, above cited. (3) There was no error in the reference to section 2124, Revised Statutes, 1879, in respondent's instructions. Instruction number 1 says the term "public highway" includes the terms, "streets" and "alleys." Streets and alleys are in issue in this case. Instructions numbered 2, 3 and 4 define with absolute precision where section 2124 applies, and leave no kind of legal conclusion or inference for the jury to draw or finding for it to make. It is submitted that the reference to section 2124, Revised Statutes, 1879, taken in connection with respondent's whole body of instructions, was harmless. (4) There is no inconsistency between respondent's fifth instruction and appellant's first instruction. Respondent's number 5 construed in connection with appellant's number 1 — as the law requires and as, doubtless, the jury did—and there is no conflict between them. The jury were bound to examine both instructions, and so doing it is clear that appellant's number 1 modifies respondent's number 5, and,

with great clearness, told the jury that if the train in question had been operated with "due care and caution" they must find for the appellant. Under the evidence the jury did not—and could not—find appellant's plea of "due caution" proven.

GILL, J.—This case is here the second time by appeal. See *Lane v. C., R. I. & P. Ry. Co.*, 18 Mo. App. 555, and to the same as formerly reported, we refer as containing a statement of the case. The plaintiff appealed before, complaining among other things, specifically of the refusal of the trial court to give his instructions number 3 and 4. At the second trial the circuit court followed the directions of the appellate court, and gave these instructions, formerly refused, and in addition gave one for the defendant, to the effect that if the engine and cars of the defendant were at the time of the committing the injury run and operated in a careful manner, etc., that plaintiff could not recover.

Defendant now assigns as error the giving of plaintiff's instructions numbered 1, 2, 3, 4 and 5, and the refusal of the trial court to give its instruction numbered 2, which was in the nature of a demurrer to the evidence, and an instruction to the jury to find for the defendant,

In giving plaintiff's instructions numbered 3, 4 and 5, the trial court followed the directions of this court, when the cause was here before (18 Mo. App. 561), and hence such ruling cannot now be questioned, as whatever was then passed on must be regarded in this cause as *res adjudicata*. See *Hombs v. Corbin*, 34 Mo. App. 393, decided at the present term of this court and authorities there cited.

It is not proper in instructions to the jury to refer them to the different sections of the statute, as was done in instructions, numbered 1 and 2 of this case, still we are constrained to believe that here it was a harmless

error, as, from the undisputed facts, it is clear that this was a case under said section 2124, Revised Statutes, 1879.

In the brief of defendant's counsel complaint is made of the inconsistency of defendant's instruction number 1, given, and plaintiff's number 5, given. There is no such error contained in appellant's assignment of errors, and even were it there assigned, the existence of such inconsistency would hardly justify a reversal, since we hold the law as declared for the plaintiff was proper, and the said instruction of defendant, as given, was improper, and should not have been given. See *Cowgill v. Railroad*, 33 Mo. App. 677, decided by this court at its last term.

The defendant cannot be heard here to complain of an error into which the trial court was led by defendant's own invitation. The judgment of the circuit court must be affirmed. The other judges concur.