ELIZA C. BELCH, Respondent, v. PHIL. T. MILLER, Appellant.

**Kansas City Court of Appeals, December 2, 1889.**

**Appellate Practice:** SECOND APPEAL: RES ADJUDICATA.    When a case has been decided in the appellate court and again comes to such court on appeal, or by writ of error, only such questions will be noticed as were not determined in the previous decision; what was passed upon at the former hearing will be deemed *res adjudicata,* and no longer open to dispute or further controversy.

*Appeal from the Cole Circuit Court.*—HON. E. L. EDWARDS, Judge.

AFFIRMED.

*F. M. Brown,* for the appellant.

(1)    The clause in the contract which was admitted by the circuit court in evidence over the objection of the defendants provided that defendants should "excavate and remove the earth from the lower end of said pond to the extent of one acre, so as to deepen the bottom thereof sufficient to support fish therein the year round."    It is vague and uncertain in that specifications are omitted therefrom; that it is wanting in detail; that material matters are left so obscure and undefined that its meaning cannot be ascertained with sufficient certainty; and it is therefore void and cannot be made the basis of an action.    Bishop Cont. [Enlarged Ed.] secs. 316, 390; *Adkins v. Van Buren,* 77 Ind. 47; Chitty on Contracts, 77; 1 Greenleaf Ev., sec. 300; *Palmer v. Albee,* 50 Iowa, 429; *Culver v. Culver,* 39 N. J. 574; *Taylor v. Williams,* 45 Mo. 80; *Underwood v. Underwood,* 48 Mo. 527; Pomeroy on Contracts, sec. 145.    (2)    No court could direct a specific performance of this clause of the

contract. *Blanchard v. Railroad*, 31 Mich. 43; *Railroad v. Lewis*, 76 Va. 833; *Magee v. McManus*, 12 Pac. Rep. [Cal.] 451; *Schneling v. Kenisel*, 45 Wis. 325; *Nichols v. Williams*, 22 N. J. Eq. 63; *Cholsan v. Thompson*, 2 Wheat. 336; *Bowman v. Cunningham*, 78 Ill. 48; Fry on Spec. Perf., sec. 317; 1 Story, Eq. Jurisp., sec. 767; *Taylor v. Portington*, 7 De Gex; McNatchen and Gordon's Reports, 328; *Dunkart v. Rinehart*, 89 N. C. 354; Chitty on Contracts [9 Am. Ed.] top p. 107; *Dingman v. Kelley*, 17 Ind. 717; *Baldwin v. Kerlin*, 46 Ind. 426; *Sherman v. Kitsmiller*, 7 Serg. & R. 45; *Zaleski v. Clark*, 44 Conn. 218; *Thompson v. Ray*, 46 Ala. 224. (3) The ambiguity in the clause in said contract under consideration is patent, and cannot be cured by the introduction of extrinsic parol evidence. *Palmer v. Albee*, 50 Iowa, 429; *Campbell v. Johnson*, 44 Mo. 250; *Jennings v. Brizeadine*, 44 Mo. 334; *Bradley v. Packet Co.*, 13 Peters, 89; 1 Bouvier's Law Dic. [5 Ed.] 95; 1 Greenleaf Ev., sec. 297; 2 Johnson's Natural History, 419 *et seq.;* Essay in Classification (Agassiz), 187; 9 American Encyclopedia, 158; Webster's Unabridged Dictionary—Fish. (4) There was no injury alleged for which compensation could be awarded, and in such case could not possibly recover more than nominal damages. 1 Sutherland on Dam. 9. (5) An implied contract or an implied obligation may be so vague and indefinite as to be incapable of enforcement. *Jones v. Durgin*, 16 Mo. App. 370.

*McIntyre & Lemmon*, for the respondent.

(1) (*a*) The question presented in the former appeal was then decided and adjudicated, and it is well settled that the question thus adjudicated becomes the law of the case throughout all subsequent proceedings therein, and it will not be reconsidered. Wells, Res Adjudicata and Stare Decisis, secs. 613, 614 and

615; *Stacy v. Railroad*, 32 Vt. 552. (*b*) A new organization of the court so that the members constituting it are of different opinion, concerning the points of law decided, will not justify a departure; the decision still remains the permanent law of the case. Wells on Res Adjudicata and Stare Decisis, sec. 616 and cases cited. (*c*) And this is true where there is a decision and reversal, and, after a second trial, the case comes upon a second appeal. *Ib.*, sec. 617 and cases cited. (2) When a case has once been in the appellate court and is sent back, if it is re-tried in conformity with the principles announced in the higher tribunal, and is again taken up, cogent and convincing reasons must exist to induce a re-examination of what ought to be considered as *res adjudicata*, and so this case was tried, and no reasons whatever, cogent and convincing or otherwise, have been shown by appellants why the court should reconsider its opinion. *Bank v. Taylor*, 62 Mo. 338; *Hamilton v. Marks*, 63 Mo. 167.

GILL, J.—This is the same case that was before this court for review about a year ago (*Belch v. Miller*, 32 Mo. App. 387); and we are asked to pass again on the identical question—and the only question—which was then, and is now, presented by the record and briefs — and that question was then, and is now, whether the contract sued on is sufficiently definite and certain to support an action.

That question was decided, at the former hearing, in the affirmative, the cause was remanded to the lower court and tried in full recognition of that ruling. The point is *res adjudicata*, so far as this cause is concerned, and this court will not further consider the question.

"When a case has been decided in this court and again comes here on appeal, or by writ of error, only such questions will be noticed as were not determined in the previous decision; whatever was passed upon at the

former hearing will be deemed as *res adjudicata*, and no longer open to dispute or further controversy." *Overall v. Ellis*, 38 Mo. 209; *Metropolitan Bank v. Taylor*, 62 Mo. 338; *Hamilton v. Marks*, 63 Mo. 167; *Conroy v. Iron Works*, 75 Mo. 651; *Hombs v. Corbin*, 34 Mo. App. 393; *Lane v. Railroad*, 35 Mo. App. 567.

From peculiar circumstances noticed in *Hamilton v. Marks* (*supra*) the supreme court of this state departed from the rule. However, we have nothing here suggested that should withdraw this case from its operation. We have here the same point presented in the same case, and upon the same briefs, referring to the same authorities and none other. And that, too, after one decision by this court and a review thereof on a motion for a rehearing. Let the judgment of the circuit court be affirmed. ELLISON, J., concurs; SMITH, P. J., not sitting.