ELLIOTT v. HANNIBAL & ST. JOSEPH RAILROAD COMPANY, Appellant.

1. **Railroads**: STATUTORY LIABILITY OF, FOR INJURIES TO ANIMALS. No action can be maintained, under the 43rd section of the railroad law (Wag., Stat., p. 310), for animals killed within the limits of a town or city; in such cases, where fences have not been, but might lawfully be erected, the action should be brought under section 5 of the damage act (Wag. Stat., p. 520), which dispenses with the proof of negligence, or, the action should be brought at common law.

2. ————: FENCES. Where, within the limits of a town or city, lands dedicated to public use, and crossing or abutting upon the right of way of a railroad company, are occupied and used for farming purposes, such occupancy does not make it lawful for the railroad company to fence across them, and its failure to do so will not subject it to liability under the 5th section of the damage act.

*Appeal from Marion Circuit Court.*—HON. JOHN T. REDD, Judge.

*James Carr* and *H. B. Leach* for appellant.

HOUGH, J.—This was an action brought under the 43rd section of the act in relation to railroad companies to re-

cover double the value of two mules killed by the trains of the defendant, near its depot, within the town plat of the town of Ely, in Marion county. We held in the case of *Edwards v. Hann. & St. Joe. R. R. Co.*, *ante p.* 567, that no action can be maintained under the 43rd section of the railroad law for animals killed within the limits of a town or city. When animals are killed in towns and cities where fences have not been, but might lawfully be erected, the action should be brought under the 5th section of the damage act, which in all such cases dispenses with the proof of negligence. We do not mean to say that on the facts disclosed in the present record, an action could be successfully maintained under the last mentioned section; on that point we need not now express any opinion. We only mean to say that if plaintiff has any right of action, it is under that section or at common law.

It may not be inappropriate to remark, in this connection, that where, within the limits of a town or city, the original proprietor, or other person, shall take possession of and use for farming purposes lands dedicated to public use, which cross or abut upon the right of way of a railroad company, such occupancy will not make it lawful for the railroad company to fence such dedicated lands, and the absence of fences in such cases will not dispense with proof of negligence. Following the case above cited, the judgment in this case must be reversed and the cause remanded. The other judges concur.

REVERSED.