KIRKLAND v. THE MISSOURI PACIFIC RAILWAY COMPANY, *Appellant.*

**Railroads:** FENCE: DOUBLE DAMAGES. A railroad is not excused from fencing under the double damage act where its right of way merely abuts upon a town plat, and it does not appear that any streets or alleys of the town abut upon or cross such right of way.

*Appeal from Monroe Circuit Court.*—HON. THEODORE BRACE, Judge.

AFFIRMED.

*Smith & Krauthoff* with *T. J. Portis* for appellant.

The court erred in refusing the instruction asked by the defendant. The point at which the hogs sued for entered upon the defendant's railroad was not one at which the defendant was required to, and could not lawfully, construct a fence under section 809, Revised Statutes, being within the limits of the town plat of the town of Stoutsville. The action should have been brought under section 2124, Revised Statutes. *Elliott v. Railroad Co.*, 66 Mo. 683; *Edwards v. Railroad Co.*, 66 Mo. 567; *Farrell v. Union Trust Co.*, 77 Mo. 475, 476, 477. And having sued under section 809, the plaintiff must recover, if at all, under that section. *Edwards v. Railroad Co.*, 66 Mo. 567, 569, and cases cited; *Luckie v. Railroad Co.*, 67 Mo. 245.

*A. M. Alexander* for respondent.

The point at which the hogs sued for entered upon the defendant's railroad and were killed, was not within the limits of the town of Stoutsville, and was a place at which the railway company was bound by law to fence. The road-way at the point named abuts upon the platted town of Stoutsville—that is the north line of the right of way is the south line of the platted town. The evidence shows that at the point where the hogs were killed the railroad is not in the limits of the town of Stoutsville at all, but

simply that the right of way touches the town of Stoutsville. "Abuts upon" does not mean "inside of," in ordinary use; it means touching, and that is the meaning of the word as used in the record. See Webster's Dictionary.

NORTON, J.—This was an action to recover double damages for the alleged killing of seven hogs belonging to plaintiff. Upon a trial in the circuit court, the plaintiff testified in his own behalf, "that he was the owner of the hogs sued for, and they were of the value of $3 each, and that one of them got on the defendant's railroad and was killed east of the public road which comes into Stoutsville from the east, and that one of them was killed just south of his shop and west of the last mentioned public road, and the others just west of the last mentioned place on defendant's road, and that there was no fence along the side of defendant's road at that point; and that defendant's road-way abuts upon the platted town of Stoutsville, where the last named six hogs were killed. That all of said hogs were killed in Jefferson township, Monroe county, Missouri." This being all the evidence, the defendant asked the following instruction: . "That plaintiff is not entitled to recover in this action for any of the hogs that were killed on that part of defendant's road which abuts upon the platted portion of the town of Stoutsville." This instruction was refused, to which the defendant excepted, and thereupon the court found for the plaintiff, and upon his motion, rendered judgment for double damages. The defendant unsuccessfully moved for a new trial, excepted to the action of the court in overruling it, filed its bill of exceptions, and brings the case here by appeal.

It does not appear that defendant's road passes through the town of Stoutsville, but, on the contrary, it does appear from the plat referred to in the bill of exceptions, that the entire road-bed as well as right of way on either side is entirely outside the limits of the town. Neither does it appear that there were any streets or alleys in the town of

Stoutsville either across or abutting on defendant's right of way, the northern line of which abutted on the southern line of the town. On this state of facts we must hold, under the ruling of this court in the case of *Wymore v. Railroad Co.*, 79 Mo. 247, that the court did not err in refusing the instruction asked.

Judgment affirmed, in which all concur.