W. BEAN, Respondent, v. ST. LOUIS, IRON MOUNTAIN & SOUTHERN RAILWAY COMPANY, Appellant.

**St. Louis Court of Appeals, February 9, 1886.**

1. RAILROADS—FENCES—NEGLIGENCE.—Under evidence that a cow was killed by a train of cars outside of the corporate limits of a town, and adjacent to the railroad station, at a place used by the railroad for switching purposes in connection with its station grounds, the court can not declare, as matter of law, that the railroad company was not bound to fence its tracks.

2. ———— The question in such a case, as to whether the railroad company could fence its tracks without great inconvenience to its business and to the public, is one of fact for the jury.

3. INSTRUCTIONS.—It is not error to refuse to submit an issue to the jury in support of the affirmative of which there is no evidence.

APPEAL from the Washington County Circuit Court, JOHN L. THOMAS, Judge.

*Affirmed.*

GEORGE H. BENTON, for the appellant: Whether

grounds within switch limits are or are not depot grounds, and the extent of depot grounds can only be determined by the convenience and judgment of the railroad companies, and the necessities of the public service. The above positions are clearly deduced from the opinions of the supreme court on this much litigated and vexed question. *Lloyd v. Railroad*, 49 Mo. 200 ; *Morris v. Railroad*, 58 Mo. 81 ; *Stoneman v. Railroad*, 58 Mo. 505; *Karle v. Railroad*, 55 Mo. 483 ; *Franks v. Railroad*, 55 Mo. 325 ; *Swearingen v. Railroad*, 64 Mo. 73.

JOHN F. BUSH, for the respondent: The question whether the place of the car's entry was depot or other ground, was a question of fact, and a proper issue to submit to the jury. *Morris v. Railroad*, 58 Mo. 81.

ROMBAUER, J., delivered the opinion of the court.

The plaintiff's cow was killed by the defendant's locomotive, whereupon he instituted this action to recover double damages under the statute. It is conceded by the testimony that the cow came upon the defendant's railroad at a place outside of any town limits, where the road ran through uninclosed fields, and was not fenced, and that it did not come upon the track, and was not killed at a road crossing. The jury found a verdict for the plaintiff, and the court entered judgment for double the amount found.

The defendant claims that the evidence fails to support the verdict, and that the court misdirected the jury.

The killing occurred about six hundred feet from and outside of the limits of the town of Irondale, and at a place where the defendant's road had several tracks or switches used in connection with the Irondale depot. No evidence of negligence was offered by the plaintiff, nor was on the other hand any evidence offered by the defendant tending to show that that part of its road could not be conveniently used for switching purposes

even if fenced. The testimony on the part of the
plaintiff tended to show that a fencing of the road at
that place was practicable, without inconveniencing the
public, and it presented the physical facts of the case
as fully as circumstances would admit.

The defendant asked the court to instruct the jury
"that under the pleadings and evidence the plaintiff
could not recover," and, also, "that if the cow was killed
within the switch limits of the town of Irondale, the
plaintiff could not recover."

These instructions were rightly refused. In *Morris
v. Railroad* (58 Mo. 82), where, in a case presenting
similar facts, the refusal of the court to give the latter
instruction was complained of, the court said the in-
struction was properly refused, as there is no reason
why the defendant should not fence its road where it
has a switch, as well as at other places.

The court, also, refused another instruction asked by
the plaintiff to the effect that "if the cow came on the
defendant's road within the switch limits of the station
of Irondale, and where the company could not fence its
road, without great inconvenience to the public and the
business of the company, then the plaintiff could not
recover."

This instruction stated a correct proposition of law,
and finds support in *Lloyd v. Railroad* (49 Mo. 199),
and *Swearingen v. Railroad* (64 Mo. 75); but the
evidence in this case did not warrant it, and it was
properly refused for that reason.

Upon its own motion the court charged the jury:
"That if they find from the evidence that the point
where the cow strayed upon the road was within the
limits of the ground used at Irondale for depot pur-
poses the plaintiffs could not recover," and, that "in
determining whether the point where the cow strayed
upon the road was within the limits of the depot
ground at Irondale, the jury should take into con-
sideration the nature and situation of the place, its
distance from the station house, the relation of the

place to its surroundings, and the use made of that part of the road by the defendant and the public."

This instruction under the peculiar facts of the case presented the law fairly. It treated the question, as to whether or not the *locus in quo* was depot ground, which the defendants were not bound to fence, because the transaction of its business with the public required that it should be left open, as a mixed question of law and fact. It always must be such, when it does not conclusively appear, that such ground, situated outside of town limits, although adjacent to a station, is required to be left open to enable the defendant to perform conveniently its duty to the public.

A case may be conceived, where upon undisputed facts it would be the duty of this court to declare as a matter of law, that the railroad company was under no obligation to fence a certain place similarly situated.

This, however, is not such a case, and, in the absence of evidence to the contrary, we must review cases on the supposition that the sworn triers of the fact were not influenced by bias or prejudice in reaching their conclusion.

The judgment is affirmed. Thompson, J., concurring; Lewis, P. J., absent.