E. W. BRANDENBURG, Respondent, v. THE ST. LOUIS
AND SAN FRANCISCO RAILROAD COMPANY
Appellant.

**St. Louis Court of Appeals, March 10, 1891.**

1. **Railroads**: OBLIGATION TO FENCE ALONG THE EDGE OF A TOWN.
The statute ( R. S. 1889, sec. 2611 ), requiring railroads to fence
their right of way, applies where the railroad is located along the
edge of a town, but neither streets nor the limits of the town
extend beyond it.

2. ———— : LIABILITY OF RAILWAY COMPANY TO NON-ADJOINING OWNER
FOR FAILURE TO FENCE.   The fact, that the owner of an animal
injured upon a railroad track was not the owner or occupant of
the adjoining field, from which the animal came upon the track,
will not affect the liability of the railway company on the ground
of its failure to fence its road, unless the animal was a trespasser
on the field from which it came.

3. ———— : OBLIGATION TO FENCE AS AFFECTED BY CONSIDERATIONS OF
PUBLIC INTEREST : LAW AND FACT.   When it is fairly debatable,
under the evidence, whether it was necessary for the railway com-
pany to leave unfenced a part of its road near a depot in a town,
in order to avoid danger to its employes, and for the purposes of
the safe and convenient transaction of its business with the public,
it cannot be *held*, as a matter of law, that the railway company is
relieved from its obligation to fence that part of its road.

*Appeal from the Barry Circuit Court.*—HON. JOSEPH
CRAVENS, Judge.

AFFIRMED.

*E. D. Kenna* and *Adiel Sherwood*, for appellant.

.( 1 ) The instruction at the close of the case ought
to have been given.   The evidence showed that the ani-
mal was struck within the limits of Butterfield, at a
point where the track could not be fenced without great

inconvenience to the company and its patrons in handling freight, and danger to its employes in switching cars and making up trains.    The law does not require a fence at such a place.    *Robinson v. Railroad,* 21 Mo. App. 141; *Long v. Railroad,* 23 Mo. App. 178; *Bean v. Railroad,* 20 Mo. App., *loc. cit.* 644.    The plat of Butterfield shows Gates, Putnam, Marion and Warren avenues abutting on the right of way and south of the depot.    These are highways *de facto,* if not *de jure,* and a fence was not legally necessary, whether in the city limits or not.    *Luckie v. Railroad,* 76 Mo. 639. (2)   The evidence shows that plaintiff was not the adjoining land-owner, or next adjoining owner, of any property on either side of the track at the point where the animal was struck.    Further the animal was running at large as a trespasser upon the commons of the town, and was not there by the consent, express or implied, of any of the owners of such lands.    *Ferris v. Railroad,* 30 Mo. App. 122; *Johnson v. Railroad,* 80 Mo. 620.    The land adjoining from which the animal came on the track was part of the town commons, and not inclosed or cultivated fields.    R. S. 1879, sec. 809. (3)   The space from the cattle-guard to the depot was left open, so as to avoid danger to the employes of defendant, and for the convenience of defendant and its patrons in loading and unloading freight.    This is the uncontradicted evidence, and is of itself sufficient to defeat the action.    *Pearson v. Railroad,* 33 Mo. App. 546.

*J. T. Davis* and *J. W. George,* for respondent.

BRIGGS, J.—The plaintiff claims that his mule strayed upon the defendant's railroad track, and was killed by a train of cars; that this occurred at a place where the defendant's railroad ran through or along uninclosed lands; and that the defendant had neglected to erect and maintain lawful fences along that portion

of its road, as the law required. The action was for double damages under section 2611, Revised Statutes, 1889. The jury returned a verdict for $50, which the court doubled. The defendant has appealed.

It appears from a plat of the town of Butterfield that the defendant's right of way is located north and south along the eastern edge of the town ; that the track is almost parallel with, and adjacent to, Washington street ; that, where the road extends along the southern part of the town, the land to the east of, and adjoining, the right of way is uninclosed timber land, and on the opposite side is Washington street with cross streets. abutting thereon. The evidence shows that the mule came upon the railroad track from Washington street about seventy or eighty yards south of the southern end of the switch ; that the lands on the opposite side were uninclosed lands, and that the track was not fenced on either side.

Under this proof the defendant claims that its demurrer to the evidence ought to have been sustained ; that there can be no recovery under section 2611, because the animal came upon the track and was killed at a place where the defendant was not required to fence.

In construing this statute, the courts of the state have uniformly held that it can have no application to that portion of a railroad extending through the limits of a city or town. *Gerren v. Railroad*, 60 Mo. 405 ; *Edward v. Railroad*, 66 Mo. 567 ; *Elliott v. Railroad*, 66 Mo. 683 ; *Ells v. Railroad*, 48 Mo. 231 ; *Rhea v. Railroad*, 84 Mo. 345. The statute itself makes no exceptions, but the construction adopted by the courts as to towns and cities is predicated on an implied one. This implied exception is based on the idea, that it would be impracticable for a railroad company to fence its right of way *through* the limits of a town or city without obstructing streets which had been dedicated to public use. It will be readily perceived that the reason for

this rule of construction is wanting in the present case. The streets of the town of Butterfield do not cross the defendant's right of way, neither do the town limits extend east of it. Hence, the case of *Kirkland v. Railroad*, 82 Mo. 466, is applicable, wherein it is held that where the railroad right of way abutted upon a town plat, the duty of the company to fence was imperative. Under the authority of this case we must decide the first and second assignments adversely to the defendant, and rule that it was compelled to fence that portion of its roadbed where the mule came upon the track, unless it was excused owing to other considerations connected with the proper and safe conduct of its business, which we will discuss further on in this opinion.

It is next insisted that the plaintiff was not an adjoining owner of any land on either side of the track, where the animal was killed, and also that the mule was running at large as a trespasser on the commons of the town. In support of this assignment the defendant relies on the cases of *Ferris v. Railroad*, 30 Mo. App. 122, and *Johnson v. Railroad*, 80 Mo. 620. The law of those cases can have application only, when it appears that the animal came upon the track from an adjoining field, of which the plaintiff was not the owner or occupant, and that the animal was there as a trespasser. *Rozelle v. Railroad*, 79 Mo. 349 ; *Kinion v. Railroad*, 39 Mo. App. 382 ; *Morris v. Railroad*, 79 Mo. 367. The fact that the mule came upon the defendant's road from Washington street in no way helps the defendant's case. There is nothing in the record to show that the animal was running at large in violation of an ordinance of the town. *Bowman v. Railroad*, 85 Mo. 533. This assignment will have to be ruled likewise against the defendant.

Lastly, the judgment is assailed on the ground that the uncontradicted evidence shows that, to avoid danger to the defendant's employes and to enable it to safely and properly conduct its business with the

public, it was necessary to leave the space south of the switch, and extending beyond the place where the mule came upon the track, open and unfenced. The attention of the jury was called to this phase of the case by instructions asked by both parties, of which the defendant makes no complaint. The issue presented by these instructions was found against the defendant, and the trial court refused to disturb the finding.

This court, in the case of *Bean v. Railroad*, 20 Mo. App. 641, discussed the same question. It was therein decided that, whether in a given case it was necessary for a railroad company to fence its tracks near its depot grounds, was a mixed question of law and fact; and that it could only become a question of law for the court, when it conclusively appeared that such portion of a railroad should remain unfenced to enable the company to perform conveniently its duty to the public; that is, where the conceded or uncontroverted facts and circumstances were of such a character as to exclude any other reasonable conclusion.

The evidence bearing on the question was to the effect that the animal came upon the track about three hundred feet south of the depot and about two hundred and forty feet south of the southern end of the switch.

One of the defendant's employes was examined as a witness, and the following questions asked: "*Q.* State if the cattle-guards were placed close to the end of the switch, if you would not be running your cars over there all the time in switching cars and making up trains? *A.* Yes, sir.

"*Q.* State if the track were inclosed there between the cattle-guards and the end of the switch, if it would not endanger the lives of the employes in making up trains and switching cars, and interfere with loading and unloading cars? *A.* Yes, it would."

It appears that Butterfield is a small village, and, presumably, its railroad traffic is very light. Whether it was necessary for the safe and convenient transaction

of the defendant's business with the public to leave its track unfenced to a distance of two hundred and forty feet outside of the end of its switch, is a question that, in our opinion, is fairly debatable. Hence, we decline to hold that the court committed an error in submitting the question to the jury in the first instance. Neither can we hold that the verdict was the result of passion, prejudice or mistake.

The judgment of the circuit court will be affirmed. All the judges concur.