FRANK STUMPE, Respondent, v. THE MISSOURI PACIFIC
RAILWAY COMPANY, Appellant.

### St. Louis Court of Appeals, March 12, 1895.

Railroads: FARM CROSSINGS. The provisions of section 2611 of the
Revised Statutes, requiring railway companies to construct farm
crossings, apply only when a farm is cut in two by the location of the
railroad through it and a crossing is desired to connect the parts
thus severed.

*Appeal from the Franklin Circuit Court.*—HON. RUDOLPH
HIRZEL, Judge.

REVERSED AND REMANDED (*with directions*).

*H. S. Priest* and *W. S. Shirk* for appellant.

*J. C. Kiskaddon* for respondent.

ROMBAUER, P. J.—The trial court, upon the hearing of this cause, granted to plaintiff a perpetual
injunction, restraining the defendant from closing a
road crossing which the plaintiff had constructed over
the defendant's tracks and right of way. The defendant appeals from the decree, and claims that it is
unwarranted by the pleadings and evidence. There is
very little controversy touching the *essential* facts which
were developed by the testimony, and, as this is a proceeding in equity in which we are required to find the
facts ourselves, we will proceed to state them as
follows:

The defendant, in 1854, acquired from one Maupin
its right of way through the land it crosses at the
places hereinafter mentioned. Maupin, in his deed to

defendant, reserved a road crossing over the defend-
ant's right of way at a point hereafter designated as
the old crossing. The land subsequently passed to
various owners, so that, in 1890, the plaintiff became
owner of the land which lies on the north side of the
railroad. At that time he owned no land on the south
side thereof. The old crossing touches the plaintiff's
land, and was used by the former owners of the land
when the plaintiff bought, and was the only outlet from
plaintiff's lands to a public road. The public road
runs parallel with the defendant's railroad. The
owners of the land on the southern side of the railroad,
between the old crossing and the public road, fenced it
up, and put it in cultivation, so that plaintiff's egress
in that direction to the public road was shut off.
Whether this was done rightfully or wrongfully does
not appear. The plaintiff thereupon applied to the
county court under the provisions of section 7834 for
the establishment of a private road to connect his land
with a public road, and the court appointed commis-
sioners for that purpose, who located a road along the
south side of defendant's right of way from the old
crossing to a point opposite the public road at a dis-
tance of one thousand feet from the old crossing, and
thence to the public road. The plaintiff, finding that
the road thus located would subject him to heavy
damages to landowners, and to great cost in building
and repairing the road, dismissed this proceeding, and
bought a strip twenty feet wide for a right of way
from the defendant's road to the public road at the
point where the commissioners had deflected to the
public road in locating the private road. The plaintiff
made the purchase in May, 1892. In August, 1893, he
served notice upon the defendant, under the provisions
of section 2611 of the Revised Statutes of 1889, to build
him a farm crossing over its railroad and right of way

to connect his lands on the north side of the railroad with this strip on the south side thereof. The defendant declining to do so, the plaintiff made an opening in the railroad fences, and built the farm crossing himself. The defendant repeatedly closed its fences and tore up the crossing, whereupon plaintiff sued out a writ of injunction, which, upon the hearing, was made perpetual against the defendant.

The first question which arises is the construction to be put upon the provisions of section 2611. That part of the section, which bears upon the present inquiry, is as follows:

"Every railroad corporation * * * shall erect and maintain lawful fences, * * * with openings and gates therein, * * * at all necessary farm crossings of the road, for the use of the proprietors or owners * * * adjoining such railroad. If any corporation aforesaid shall, after three months from the time of the completion of its road through or along the lands, * * * fail, neglect or refuse to erect or maintain in good condition any fence, opening or farm crossings, * * * then the owners or proprietors of said lands * * * may erect or repair such * * * farm crossings," etc.

The plaintiff contends that he is an adjoining owner within the provisions of this section, and, as such, is entitled to a necessary farm crossing as a matter of right. The defendant contends that the word adjoining has reference to the fencing, and that the word farm crossing has reference to a crossing from one part of a farm to another part of the same farm, and applies when a farm is bisected by the location of a railroad. We think the latter construction is the correct one. The statute, as far as crossings are concerned, contemplates a condition brought about by the construction of the railroad, and not one arising by the

voluntary act of a subsequent purchaser of adjoining lands. If the rule were otherwise, a railroad company might be subjected to the duty of building innumerable farm crossings, where farms on either side of the road were split up into small fragments by the voluntary act of the parties. When the plaintiff bought his land, in 1890, on one side of the road with full knowledge of the conditions then existing, he could not thereafter subject the defendant to additional liabilities arising from the conduct of his neighbors, over whom the defendant had no control.

We do not lay any stress upon the fact that the plaintiff's right in land on the south side of the railroad consists in a mere right of way. A right of way is sufficient to make the plaintiff an adjoining owner. *Lakenan v. Railroad*, 36 Mo. App. 363. The plaintiff would be in no better position, if, instead of buying the right of way in 1892, he had bought an adjoining farm on the south side of the railroad. Our attention has been called to no case, and we have been able to find none, where the railroad's duty to make farm crossings was made dependent on changes in ownership taking place subsequent to the construction of the road. Section 2609 of the Revised Statutes provides for the construction of crossings on public streets or roads now *or hereafter* to be opened for public use, but there is no provision in section 2611 having reference to a future condition of things brought about without the railroad company's interference.

A question somewhat analogous arose in *People v. Railroad*, 42 American and English Railroad Cases, 257, touching a residence crossing act, which was held to be unconstitutional. The court, *arguendo*, said: "If plaintiff's contention be correct, then a landowner across whose land a railroad has been constructed, and who has been amply compensated in damages, may

erect twenty or more residence buildings on the land fronting the railroad and the highway, sell them, together with the land on which they are situated, and compel the railroad company to construct and maintain as many residence crossings. If it is the duty of the state to provide access for every citizen to the public highway, so that he may obey the *venire* of the courts, pay his taxes, vote, send his children to school, and exercise all the prerogatives of citizenship, the state can not perform this duty by taking the property of one citizen and giving it to another.''

The weight of the testimony in this case is that the place where the plaintiff constructed the new crossing is best adapted for that purpose, and that a crossing at that place can be made with safety to the traveling public. There is no reason why the plaintiff can not have a right of way condemned at that place, giving him commodious access to the public road. That is the plaintiff's proper proceeding.

The judgment is reversed, and the cause remanded with directions to dissolve the injunction and dismiss the bill. All the judges concur, Judge BOND in the result.