J. T. SMITH, Respondent, v. MISSOURI, KANSAS & TEXAS RAILWAY COMPANY, Appellant.

**Kansas City Court of Appeals, May 3, 1902.**

1. **Railroads: FARM CROSSING: TITLE: STATUTORY CONSTRUCTION.** Plaintiff was the owner of six acres of land lying within the bounds of a city and abutting against the railroad right of way. He bought six acres on the opposite side of the railroad abutting on the right of way but not in the city: *Held*, he was not entitled to a farm crossing over the right of way of the railroad.

2. ————: ————: CITY LIMITS: STATUTORY CONSTRUCTION. *Held*, he was not entitled to such farm crossing for the additional reason that the right of way was in the city limits and the statute does not compel a railway company to fence such right of way and put in farm crossings.

Appeal from Howard Circuit Court.—*Hon. J. A. Hockaday, Judge.*

REVERSED.

*Geo. P. B. Jackson* for appellant.

(1) The defendant was not required to construct a crossing to connect the lands mentioned in the petition, nor was the plaintiff entitled to any such crossing, and, therefore, was not entitled to recover. Sec. 2611, R. S. 1889; Stumpe v. Railroad, 61 Mo. App. 357; Miller v. Railroad, 56 Mo. App. 72; Chalcraft v. Railroad, 113 Ill. 86; Edwards v. Railroad, 66 Mo. 567-571; Cousins v. Railroad, 66 Mo. 572; Elliott v. Railroad, 66 Mo. 683; Wymore v. Railroad, 79 Mo. 247; Rhea v. Railroad, 84 Mo. 345; Railway v. Clark, 121 Mo. 183; Manz v. Railroad, 87 Mo. 281; Brandenburg v. Railroad,

44 Mo. App. 226; Lane v. Railroad, 18 Mo. App. 555; Meadows v. Railroad, 82 Mo. App. 92.    (2) The statute in question only required that at places where a railroad must be inclosed, the company should "erect and maintain lawful fences on the sides of the road where the same passes through, etc. . . . with openings and gates therein, to be hung, etc. . . . at all necessary farm crossings of the road." McNear v. Railroad, 42 Mo. App. 14.

*S. C. Major* and *W. M. Williams* for respondent.

(1) The judgment, even under defendant's construction of the statute, was for the right party.    Both tracts of land belonged to the same owner, and constituted parts of one farm, at the time the railroad was constructed.    (2) The fact that the right of way separates plaintiff's tracts, and that one of them is within the limits of the city of Fayette, is no defense to this action.    It has been held that where the right of way has been conveyed to the railroad in fee a crossing must still be constructed for the adjoining owner.    Plaintiff can not be in any worse position than he would be if the railroad company owned the fee to the one hundred feet lying between the two tracts.    He would be entitled to a crossing in that event.    The fact that the fee to the right of way may be in Prosser or Henderson, is immaterial.    Smith v. Railroad, 63 N. Y. 58; Buffalo Stone & Cement Co. v. Railroad, 130 N. Y. 52.

ELLISON, J.—This action is brought under section 1105, Revised Statutes 1899, to recover the expense of constructing a "farm crossing" over defendant's railroad.    Plaintiff recovered judgment, including an attorney's fee.

In 1873, the railway was constructed through the farm of Jefferson Henderson, leaving a body of his land on each side.    Defendant put in a farm crossing.    Afterwards, Hen-

derson sold a portion of his farm on either side of the railway to different parties, and it was cut up into small tracts, that belonging to this plaintiff consisting of two six-acre pieces, one piece being on the east and one on the west side of the right of way. The old farm crossing fell between these two pieces belonging to plaintiff. That crossing was taken out several years since. It is not clear whether it was done at plaintiff's request. It is certain that it met with at least his silent approval. The evidence shows that he had reasons for wishing its discontinuance. Recently he demanded that the crossing in controversy be put in for his convenience in going from one of his tracts to the other. The evidence showed that such crossing was a necessary convenience for him. After the construction of the railway the city limits were extended so as to include the defendant's right of way and one of plaintiff's tracts of land.

The manner of the Henderson sale was this: plaintiff and Prosser and Boyd bought of him about twenty acres in the year 1883, taking the deed in the name of Prosser. Prosser afterwards conveyed the shares of plaintiff and Boyd to them, the conveyance to plaintiff being in 1884, and was for six acres west of the railroad. Many years afterwards, viz., in 1899, Prosser conveyed to plaintiff the six acres east of the railroad. The record is indefinite as to whether the last tract was a part of plaintiff's share in the original purchase; but we think it was not. It seems to have been deeded to him by Prosser for a separate and independent consideration. The deeds from Prosser to plaintiff did not, together, convey to him the whole tract of ground subject to the right of way of the railroad. The tract on each side is bounded by the line of the right of way, so that the plaintiff has no interest in the right of way.

In our opinion, the foregoing facts show that plaintiff was not entitled to a farm crossing under the statute aforesaid. It is difficult to say how large a piece of land, cut in two by

a railroad, should be in order to entitle the owner to a farm crossing. But certainly it is unreasonable to suppose that the statute was intended to permit a person owning a small tract within the limits of a city, to buy another small tract on the opposite side of a railway and then compel the latter to put in a crossing under a statute intended to preserve the convenience of farmers in getting from one portion of their farms to another.

Plaintiff criticises the case of Stumpe v. Railway, 61 Mo. App. 357, wherein the St. Louis Court of Appeals decided that the statute only applied to instances where the railroad, in its original construction, divided a farm. We need not go into a discussion of the criticism, since on the facts in the present case we think the statute does not apply.

There is another reason why we think plaintiff should not recover. The defendant's railway lies wholly within the city limits of Fayette, and in this respect is unlike the case of Kirkland v. Railway, 82 Mo. 466, where the railway was just without the limits and abutted on them. The statute aforesaid, as to crossings, is also the statute as to fencing, and it does not *compel* railway companies to fence their tracks inside corporate limits, though where there are no laid out blocks and streets, they *may* do so. Edwards v. Railroad, 66 Mo. 567-571; Cousins v. Railroad, 66 Mo. 572; Elliott v. Railroad, 66 Mo. 683; Wymore v. Railroad, 79 Mo. 247; Rhea v. Railroad, 84 Mo. 345; Railway v. Clark, 121 Mo. 183; Manz v. Railroad, 87 Mo. 281; Lane v. Railroad, 18 Mo. App. 555. Our conclusion is that where, under the statute, the railway company can not be compelled to fence, it can not be compelled to put in farm crossings.

The judgment should be reversed. All concur.