HENRY QUANTOCK, Plaintiff in Error, v. MISSOURI, KANSAS & TEXAS RAILWAY COMPANY, Defendant in Error.

### Kansas City Court of Appeals, April 25, 1903.*

RAILROADS: Farm Crossings: Statutory Construction: Section 1105, Revised Statutes 1899, was not intended to apply only to farms which the roads divided by its original construction, but should apply where farming lands on both sides of the road are afterwards owned by a single proprietor or where uncultivated prairie, subsequent to the construction, is reduced to cultivation.

Error to Howard Circuit Court.—*Hon. John A. Hockaday,* Judge.

TRANSFERRED TO THE SUPREME COURT. See — S. W.—.

ELLISON, J.—This action is for damages alleged to have been sustained by reason of the defendant failing to construct a farm crossing for plaintiff over its railway. There was a demurrer to plaintiff's petition which was sustained by the trial court, and he refusing to plead further, judgment was entered for defendant.

---

*This case came into the hands of the Reporter March 30, 1906. Briefs were sent to the Supreme Court.

It appears that plaintiff owns a body of land of more than two hundred acres lying in about equal parts on each side of the railroad. The road was constructed in 1873, and at that time both tracts were owned by one Ward. Defendant constructed a crossing for Ward connecting the two tracts and maintained it for several years, when Ward sold the tract on the east side of the road to plaintiff. The two pieces being then owned by different owners, the defendant discontinued the crossing. Several years thereafter plaintiff bought the other tract on the west side of the railroad, and being then the owner of the land on both sides, demanded the crossing which defendant refuses to construct. The defendant supports the trial court in sustaining the demurrer with the contention that the statute only applies to farms owned by the same owner which may be divided by the original construction of the road, and that it does not apply where a party subsequently buys land on one side of a road and afterwards another tract on the opposite side. Defendant's view is supported by the St. Louis Court of Appeals in Stumpe v. Railway, 61 Mo. App. 357.

The statute (section 1105, Revised Statutes 1899) is: "Every railroad corporation formed or to be formed in this State, or any railroad corporation running or operating any railroad in this State, shall erect and maintain lawful fences on the sides of the road where the same passes through, along or adjoining inclosed or cultivated fields or uninclosed lands, with openings and gates therein, to be hung and have latches or hooks, so that they may be easily opened and shut, at all necessary farm crossings of the road, for the use of the proprietors or owners of the land adjoining such railroad. . . . If any corporation aforesaid shall, after three months from the time of the completion of its road through or along the lands, fields or inclosures hereinbefore named, fail, neglect or refuse to erect or maintain in good condition any fence, opening or farm

crossings  .  .  .  as herein required, then the owners
or proprietors of said lands" may erect the fences and
make the crossings and sue the corporation for the cost
thereof.

It is with a great deal of hesitation that we con-
clude to reject the construction which the distinguished
judge writing the opinion in that case placed upon the
statute just set out.  It seems to us that if the operation
of the statute is confined to crossings on farms bisected
by the original construction of the road, and is prevent-
ed from application to instances where one becomes the
owner on both sides subsequent to the building of the
road, a great part of the object of the Legislature is
thwarted.  Railroad corporations are granted many
privileges by the State, and on the other hand, they have
imposed upon them, restrictions as well as duties to the
public and to individuals with whom they may interfere.
The State is interested in the free and untrammeled de-
velopment of the country consisting largely in the open-
ing up of farms.  The individual citizen ought to be
permitted to buy lands where he will, untrammeled by
anything but the most necessary obstruction; and where
obstruction, on account of other interests, necessarily
comes about, it should be alleviated as much as possible,
to the end that the least inconvenience may follow.  In
the sense here considered, railroads, fenced on either
side for safety of operation, are an obstruction to the
free use of the lands through which they run when own-
ed by the same man, but on account of their great gen-
eral benefit such obstruction and inconvenience is not
allowed to prevent their building and operation.  The
Legislature, by the statute quoted, has endeavored to
lessen that inconvenience by requiring openings in the
fences, and crossings on the tracks, so that the obstruc-
tion may be alleviated as much as possible.  This les-
sening of inconvenience was not intended to be confined
to tracts of land owned by the owner and divided by the
railroad in its original construction.  It was intended

to reach and apply to any case where the road came to separate tracts of land by reason of the same person purchasing on both sides of the road. Otherwise, a person owning land on one side of a railroad would find himself hindered from the purchase of a tract on the other side by the knowledge that could have no way of communication between the different parts of his farm. He would find it as inconvenient to own land on both sides of a narrow strip of railway as on both sides of an unfordable river. Lands in this country change ownership frequently and the Legislature must have contemplated that lands lying on both sides of a road would at one time be owned by the same owner and at another time by different owners, and again by the same owner, and must have intended that whenever owned by the same owner, he should have a farm crossing, whether the ownership of both sides by one person was at the time the road was built, or afterwards.

If the status of affairs at the time the road is constructed is to determine the land upon which farm crossings can be had, then no such crossing ought to be required where open bodies of land are made into farms after the road is built. But undoubtedly the roads could be made to make them, since both the owners of the road and the Legislature must have contemplated that new farms would be made. And so each must have understood that ownership of land on the sides of the road would change, as has happened in this case.

Nor do we believe the statute should be so construed as to restrict the right to a farm crossing to those instances in which the railroad *divides* the farm. It is not so worded. It reads that openings for crossings are to be made in fences which run "through, along, or adjoining the land." The road may run along the side of a farm and cut it off from a highway. Undoubtedly, in such case, the statute requires that a crossing should be constructed. [Buffalo Stone Co. v. Railway, 130 N.

Y. 152.] The landowner should have free access to all parts of his farm and to the highway. It is his individual right and privilege, to be exercised as he pleases, and the Legislature, by the statute aforesaid, has endeavored to relieve him, as near as may be, from the obstruction which the building of a railroad makes to such right.

There may be instances in which to require crossings would be an abuse of the law, and we cannot in any one case lay down a rule which would apply to *any* condition or situation which might arise.

The case of Smith v. Railway, 94 Mo. App. 398, is cited by defendant as supporting the judgment. We think it has no application. The same question was urged in that case that has been in the present one, but we found, on the facts of the case, a proper way to dispose of it without touching the present question and for that reason did not affirm or deny the rule in the Stumpe case.

The ruling herein being contrary to the view of the St. Louis Court of Appeals, the cause is transferred to the Supreme Court for final determination. The other judges concur.