QUANTOCK, Plaintiff in Error, v. MISSOURI, KANSAS & TEXAS RAILWAY COMPANY.

Division One, June 19, 1906.

FARM CROSSING: Subsequent to Building Railroad. The statute requiring a railroad which cuts a farm in two, to construct a crossing for the benefit of the owner, applies in all cases where the farm lies on both sides of the railroad, whether the owner owned it at the time the railroad was built, or subsquently acquired by purchase tracts lying on different sides which together constitute one farm. [Disapproving Stumpe v. Railroad, 61 Mo. App. 357.]

Transferred from Kansas City Court of Appeals.

REVERSED AND REMANDED.

*W. M. Williams* and *S. C. Major* for plaintiff in error.

(1)  The demurrer, even under defendant's construction of the statute, ought not to have been sustained. Both tracts of land belonged to the same owner, and constituted parts of one farm, at the time the railroad was constructed. The condition making the farm crossing necessary was brought about by the construction of the railroad through the farm. No greater hardship will result to it on account of building the crossing for plaintiff than from building it for the original owner. The rule should work both ways. If defendant is to be excused from building a crossing, in cases where the necessity therefor arises on account of a subdivision of the farm after the railroad is built, because its liabilities are thereby increased, it should not be excused from maintaining such a crossing where the necessity therefor was created by the location of the road, and where such necessity continues to exist.  (2)  Plaintiff insists that the statute should not be construed to limit the right to a farm crossing to cases where the necessity therefor existed at the time of the construction of the railroad. The language of the statute does not convey any such meaning.  Stone & Cement Co. v. Railroad, 130 N. Y. 152.

*Geo. P. B. Jackson* for defendant in error.

(1)  The statute relied upon, section 1105, Revised Statutes 1899, was not intended to, and does not, secure passways or crossings between detached tracts of land, but was intended to afford connection between the different parts of a farm intersected by the construction of a railroad through the same. In this case the plaintiff's two tracts of land are not contiguous. They are 100 feet apart, being separated by the right of way of the defendant's railroad, in which the plaintiff has no interest whatever.  Stumpe v. Railroad, 61 Mo. App. 357; Miller v. Railroad, 56 Mo. App. 72-74;

Chalcroft v. Railroad, 113 Ill. 86; Thornton on Railroad Fences and Private Crossings, sec. 256; Smith v. Railroad, 94 Mo. App. 398. (2) The right to a crossing applies only where a farm is intersected by the construction of a railroad, and does not exist where a party subsequently and at different times buys tracts of land lying upon the opposite sides of the railroad. In the case at bar the plaintiff acquired his several tracts of land sixteen years apart in point of time, and both long after the construction of the defendant's railroad.

VALLIANT, J.—Plaintiff sues to recover damages for the failure of the defendant railroad company to build and maintain a farm crossing over its track and right of way to connect plaintiff's lands which lie on both sides of the railroad.

The facts of the case are as follows:

In 1873 both tracts of land now owned by the plaintiff constituted one tract, and it was owned by one George W. Ward. The defendant company in that year built its railroad through the tract, cutting it into two parts, and built a farm crossing over its track to connect the parts so severed and maintained the crossing until 1884, when Ward sold the land lying east of the railroad to the plaintiff, whereupon the defendant removed the crossing. In 1900 plaintiff purchased the land lying on the west side and thus became the owner of both tracts or both parts of the original tract owned by Ward in 1873. After his last purchase plaintiff demanded of the defendant to rebuild or restore the farm crossing, defendant refused, and this suit was the result.

The circuit court sustained a demurrer to the plaintiff's petition, plaintiff appealed to the Kansas City Court of Appeals, where it was held that the judgment of the circuit court was wrong, but the judges of the Kansas City Court of Appeals being of the opinion that its judgment was in conflict with the

opinion of the St. Louis Court of Appeals in Stumpe v. Railroad, 61 Mo. App. 357, transferred the cause to this court for determination. [Quantock v. Railroad, 117 Mo. App. 469.]

The whole controversy lies in the conflicting construction which plaintiff and defendant respectively put on the provisions of section 1105, Revised Statutes 1899, requiring the railroad company to build farm crossings. Defendant construes that section to mean that it is required to construct and maintain a farm crossing only when a man's farm lying in one tract is bisected by the location and construction of the railroad; and that is the construction put upon the statute by the St. Louis Court of Appeals in Stumpe v. Railroad, 61 Mo. App. 357, wherein it is said: "The statute, as far as crossings are concerned, contemplates a condition brought about by the construction of the railroad, and not one arising by the voluntary act of a subsequent purchaser of adjoining lands."

There is no language in the statute which, in our opinion, justifies that construction. The object of the law is to afford a man whose farm lies on both sides of a railroad a reasonable means of crossing from one part of it to another, and the purpose of the statute applies as well to one whose purchase of lands after the construction of the railroad has brought about the necessity for a crossing, as to one who owned a farm that was bisected by the railroad in its original location.

We do not deem it necessary to enter upon a further discussion of this subject because in the opinion of our Kansas City Court of Appeals, by ELLISON, J., in this case, reported in 117 Mo. App. 469, everything is said that is necessary to be said and we adopt that as our opinion.

The judgment is reversed and the cause remanded to the circuit court to be proceeded with according to the law as herein indicated.

All concur, except *Graves, J.,* not sitting.