CHARLES H. PRICE, Respondent, v. ST. LOUIS, KANSAS CITY & COLORADO RAILROAD COMPANY, Appellant.

**Kansas City Court of Appeals, November 16, 1908.**

**RAILROADS: Farm Crossing: Statute: Penalty: Damages: Action.** Section 1105, Revised Statutes 1899, requires the railroad company to construct and maintain farm crossings; and a farmer has a right on the railroad's default to construct such crossing and recover the costs, etc. *Held*, the statutory remedy is not exclusive but the farmer may maintain an action for damages for inconvenience, etc., on account of the failure to put in the crossing. [Cases considered.]

Appeal from Morgan Circuit Court.—*Hon. William H. Martin*, Judge.

AFFIRMED.

*W. F. Evans* and *Edward T. Miller* for appellant.

(1) The petition does not state facts sufficient to constitute a cause of action under section 1105, Revised Statutes 1899, upon which it is based. 8 Am. and Eng. Ency. Law (2 Ed.), p. 428; Mangold v. Railroad, 116 Mo. App. 606; McNear v. Railroad, 42 Mo. App. 18; Barnett v. Railroad, 68 Mo. 62.

*John F. Gibbs* and *H. E. Neville* for respondent.

(1) The petition in this cause states a good cause of action, under the repeated decisions of the appellate courts of this State. R. S. 1899, sec. 1105. Sheridan v. Railroad, 56 Mo. App. 68; Quantock v. Railroad, 117 Mo. App. 469. The last above case was certified to the Supreme Court and the doctrine approved. (197 Mo. 96); Baker v. Railroad, 57 Mo. 274. (2) The court did not err in refusing defendant's demurrer to the evidence, and its requested peremptory instruction in the nature of a demurrer at the close of the evidence. Authorities under point I.

JOHNSON, J.—Defendant railroad company acquired, by condemnation proceedings, a right of way over plaintiff's farm in Franklin county, laid its track thereon, began the operation of the railroad and for more than three months after completion of the road, failed to put in a necessary farm crossing for plaintiff. The road bisected the farm, and the absence of a crossing caused plaintiff much inconvenience and expense in farming the land north of the track. He brought suit against defendant to recover damages for the injury thus inflicted and obtained judgment in the trial court in the sum of two hundred and fifty dollars. Defendant appealed.

It is alleged in the petition "that plaintiff's said farm was and is bisected by defendant's said railroad the same running over, through and across the same, dividing said farm into two separate and distinct tracts; that it was the duty of defendant to construct for the use of plaintiff a suitable farm crossing where defendant's said railroad passed through plaintiff's said farm, that said farm crossing was necessary to enable plaintiff to cross defendant's said railroad for the purpose of operating his said farm, that defendant failed and refused from and after said — day of December, 1901, up to the — day of October, 1906, to construct such crossing, although plaintiff often requested defendant so to do; that by reason of defendant's failure to construct such crossing plaintiff was compelled to lose much valuable time and labor and was put to great inconvenience and delay in the operation of his said farm, and was to a great extent deprived of the use of that part of his said farm lying north of defendant's said railroad, to his damage in the sum of five hundred dollars." The answer is a general denial.

The evidence adduced by plaintiff tends to prove the allegations of the petition. It shows that he suffered pecuniary loss and great inconvenience on account of

the failure of defendant to put in a crossing for him. But defendant argues, and the point is preserved in the record, that since the cause of action is founded on section 1105, Revised Statutes 1899, and that statute is penal, plaintiff has no remedy beyond those provided by the statute and hence cannot maintain an action for damages. Plaintiff answers with the argument that "if the railroad fails to construct such crossing in accordance with the statute, the owner of the farm is not restricted to the statutory remedy but may maintain an action for damages."

It is not claimed defendant was under any contractual obligation to construct the crossing, and it must be conceded that except for the statute, defendant was not required to construct and maintain farm crossings at its own expense. Therefore, any cause of action plaintiff may maintain against defendant necessarily must be grounded on the statute. Section 1105, Revised Statutes 1899, made it the duty of defendant to construct and maintain a crossing on plaintiff's farm. The breach of that duty gave plaintiff a statutory right to construct a crossing and to recover from defendant the cost thereof, "together with a reasonable compensation for his time, trouble and labor . . . together with the ten per cent interest per annum thereon from the time of the service of process upon such corporation in such suit." Further the statute provides "in every such action, if the plaintiff recover judgment there shall be taxed as costs against the defendant an attorney's fee . . . as may be a reasonable compensation for all legal services rendered for plaintiff in the case."

Another remedy the statute gives the farmer whose land adjoins or is crossed by a railroad is the right to recover double damages for domestic animals belonging to him which may be injured by engines or cars operated on the railroad in consequence of the failure of the company to build and maintain legal fences, cattle

guards, etc. The statute does not state in express terms that the farm owner may maintain an action for the damages he may sustain on account of any breach of duty imposed on the railroad company, and if the statute is to be regarded as wholly penal, the proposition is incontrovertible that the remedies it affords, being penalties, are exclusive and the cause of action here asserted must fail since it does not fall within the scope of the statute.

In an action against a railroad company for damages to animals resulting from a failure to fence, brought when the statute only authorized the recovery of single damages, the Supreme Court held that the statute should be regarded as a police regulation and, therefore, penal. [Gorman v. Railroad, 26 Mo. 450.] In Barnett v. Railroad, 68 Mo. l. c. 62, the Supreme Court said: "The statute under consideration is unquestionably a penal statute. It was so regarded by this court in the case of Gorman v. Railroad, 26 Mo. 450, when single damages only were recoverable under its provisions. In Trice v. Railroad, 49 Mo. 440, it was said, 'while the protection of adjacent proprietors is an incidental object of the statute, its main and leading one is the protection of the traveling public. To insure such protection railroads are imperatively required to fence their tracks, and the penal liability deemed necessary to enforce this requirement, is a matter of legislative discretion.' . . . Being a penal statute, in the absence of any constitutional restriction, the Legislature may lawfully make such disposition of the penalty imposed by it as will, in its discretion, best subserve the purpose of the enactment. Instead of giving the whole of the penalty to the State, or the county, or of dividing the penalty and providing for a *qui tam* action, the whole of the penalty is given to the party aggrieved, and the method adopted is doubtless a most efficient one for enforcing the statute."

Judge BLACK voiced the same opinion in Perkins v. Railroad, 103 Mo. 1. c. 57, saying: "Our statute giving the owner double damages for stock killed, where a railroad is not fenced as required by law, has been upheld in several cases on the ground that the law is a police regulation and designed not only to protect the owners of the stock, but also the traveling public, and that the Legislature might impose a penalty for a violation of the law and give the penalty to the owner of the stock killed. . . . The statute in question is as much a police regulation as is the double damage section, and the attorney's fee may be lawfully imposed as a penalty for the violation of the law. It is a penalty allowed in all cases of a class, and the objection that the law is special legislation is not well taken."

Afterward the Supreme Court, following the opinion of the Supreme Court of the United States in Railroad v. Ellis, 165 U. S. 150, held the provision allowing the recovery by the plaintiff of an attorney's fee unconstitutional. [Paddock v. Railway, 155 Mo. 524.] But this ruling was placed on the ground that a penalty could not be inflicted on one class of litigants and not on others and is wholly foreign to the question of whether the remedies provided for breaches of the duties imposed by the statute are penal or otherwise. It is one thing to penalize a man for failing to perform a duty imposed on him by law and quite another thing to punish him for unsuccessfully defending a suit prosecuted against him.

The St. Louis Court of Appeals in Sheridan v. Railway, 56 Mo. App. 1. c. 71, in a farm crossing case held that the action is maintainable, saying: "The statute imposed on the defendant this duty, and, if it failed to perform it, the plaintiff had the right under the statute to construct the crossing and sue and recover from the defendant its cost. [Section 2611, Rev. Stat.

1889, now section 1105, R. S. 1899.]    But this statutory remedy is not exclusive, and it has been so held both by this court and the Supreme Court." The decision of the Supreme Court referred to was Baker v. Railroad, 57 Mo. 265, but in that case, the failure to construct the crossing constituted a breach of a contractual obligation of the railroad company to the landowner, and it was held that the owner might have sued for specific performance of the contract, for damages on account of its breach, or might have put in the crossing himself and compelled the defendant to reimburse him —an entirely different question from that decided in the Sheridan case.

Recently in Mangold v. Railway, 116 Mo. App. 606, the St. Louis Court of Appeals, in an able opinion written by Judge Goode, held in an action for damages resulting from a breach of the duty to fence, that the statute is penal, must be strictly construed, and as it "states the responsibility of the company, we think it must be limited to the particulars enumerated."

These apparently conflicting decisions may be harmonized only on one theory, viz., that in enacting the statute, the Legislature intended there should be a radical difference in nature between the duty to fence and that of constructing farm crossings. The fact that the obligation to fence has for its main object the protection of the traveling public, while that to construct and maintain a farm crossing inures to the sole benefit of the farm owner, would appear to afford a plausible reason for saying that a statutory cause of action arising from a breach of the first of these obligations is penal in character, since it belongs to a person not a member of the class whose protection was the main purpose of the enactment, while a cause predicated on a violation of the obligation to construct a farm crossing belongs to the person for whose benefit the statute was enacted and is purely compensatory. In this view,

the statutory remedies are exclusive in the first mentioned class of cases but not in the second, since the breach of the duty imposed either by the common law or by provision of the statute not intended to be penal would support an action for damages regardless of whether such remedy was expressly mentioned in the statute. In such cases statutory remedies are merely cumulative and not exclusive.

Such, evidently, was the conclusion reached by this court in Quantock v. Railway, 117 Mo. App. 469, and by the Supreme Court in the same case, 197 Mo. 93. In that case, the question we now are called on to decide was not discussed by either court, but its solution was necessary to the decision rendered by both courts. And as the conclusion reached by them must have agreed with that we have just expressed, we must pronounce it sound, for the reason, if for no other, that it is the last expression of the Supreme Court on this subject. Consequently, we hold that plaintiff is entitled to maintain an action for damages resulting from defendant's failure to put in the crossing.

There is nothing in the suggestion that plaintiff necessarily received compensation for the damages he now would recover in the award given him in the condemnation suit by which defendant acquired a right of way over his land. To the contrary, we must assume that since the statute required defendant to give plaintiff a crossing, the court, acting in the belief that the duty would be performed, allowed plaintiff compensation for no other damages than those he would suffer were the duty properly discharged.

We have carefully examined the other points presented by defendant for a reversal of the judgment and find no merit in any of them.

The judgment is affirmed. *Broaddus, P. J.,* concurs; *Ellison, J.,* concurs in the result.