State, ex rel. O'Shea, v. Farmers Irrigation District.

---

STATE, EX REL. PETER O'SHEA, APPELLANT, V. FARMERS IRRIGATION DISTRICT ET AL., APPELLEES.

FILED APRIL 16, 1915. No. 18880.

1. **Statutes:** CONSTRUCTION. A statute which is not uncertain or ambiguous will be construed according to its terms.

2. **Waters:** IRRIGATION CANALS: MAINTENANCE OF BRIDGES. Section 3438, Rev. St. 1913, which requires the owner, or those in control, of an irrigation ditch or canal to construct and maintain a bridge across the same, for the free and convenient use of the owner of lands lying on both sides of such ditch or canal, applies in all cases.

whether the owner owned it at the time the ditch or canal was built, or subsequently acquired by purchase tracts lying on different sides which together constitute one farm.

3. **Eminent Domain:** Waters: Irrigation Canals: Maintenance of Bridges. And such statute is not void as authorizing the taking of the property of the ditch company without compensation. The burden so imposed upon ditch companies constitutes a part of the consideration for the valuable right of eminent domain given to such companies by other provisions of the statute.

Appeal from the district court for Scott's Bluff county: Ralph W. Hobart, Judge. ' *Reversed with directions.*

*William Morrow,* for appellant.

*F. A. Wright* and *J. G. Mothersead, contra.*

Fawcett, J.

Relator is the owner of land in the south half of section 18, township 22, range 53, in Scott's Bluff county, which land is traversed by the irrigation canal of respondent. About 120 acres lie north and about 26 acres south of the canal. Relator brought this action in the district court for Scott's Bluff county to compel respondent to construct a bridge across the canal so as to connect the two tracts of land. From a judgment denying a writ and dismissing his action, he appeals.

The action is based on the provisions of section 3438, Rev. St. 1913, viz.: "Any person, company, corporation, or association constructing a ditch or canal through the lands of any person, company, or corporation having no interest in said ditch or canal shall build such ditch or canal in a substantial manner so as to prevent damage to such land; in all cases where necessary for the free and convenient use of lands on both sides of the ditch or canal by the owner or owners of such lands, the owner or those in control of such ditch shall erect substantial and convenient bridges across such canal or ditch, and they shall erect and keep in order suitable gates at the point of entrance and exit of such ditch through any inclosed field." The case turns upon the construction to be given to the words

State, ex rel. O'Shea, v. Farmers Irrigation District.

"in all cases" immediately following the semicolon. Does the requirement of the section, beginning with those words, relate to lands owned by one person and located on both sides of the ditch at the time the ditch was constructed, or does it relate as well to cases subsequently arising where one person becomes the owner of lands on both sides? In 1906 the Tri-State Land Company, being the then owner of the entire tract of land, constructed the irrigation canal through the same. In 1909 it sold the canal, together with the right of way, to the Farmers Mutual Canal Company. After the construction of the canal, and after the sale of the same to the Farmers Mutual Canal Company, the Tri-State Land Company sold the lands in controversy to relator; and at a still later date the Farmers Mutual Canal Company conveyed the canal and right of way to the respondent Farmers Irrigation District. It is contended by respondent, in support of the judgment of the district court, that, the canal having been built by the Tri-State Land Company while it owned the land, the canal was constructed through the lands of a corporation having an interest in the canal, and that, such being the fact, the land, by virtue of such interest in its owner at that time, was thereby excluded from the provisions of the statute, and, hence, the statute does not apply to the present case; that the statute does not apply where the canal is constructed over the land with the consent of the landowner, and does not apply to cases where the necessity for a bridge occurs at a time subsequent to the building of the canal. We are unable to concur in this construction. The statute is not ambiguous, and must therefore be construed according to its terms. It provides, first, the manner in which the ditch or canal shall be constructed, viz., "in a substantial manner so as to prevent damage to such land." This provision relates solely to the manner of construction. The words "through the lands of any person, company, or corporation" do not limit the statute to cases where the ditch cuts *through* the land of some individual owner, leaving land on both sides thereof. They apply as

98Neb.16

well to lands abutting on a ditch. As to all such lands, as well as those actually penetrated or cut in two by a ditch, it must be constructed "in a substantial manner so as to prevent damage to such land." The statute then proceeds to say what shall be done so as to enable owners of lands on both sides of the ditch to have "the free and convenient use" of such lands, and provides that, where it is necessary for the free and convenient use of lands on both sides of the ditch, the owner of the ditch shall erect substantial and convenient bridges across its canal or ditch "in all cases." The words, "in all cases," mean precisely the same, whether they be used, as in the statute, immediately preceding the requirement for the construction of bridges, or immediately following such requirement. If the legislature had intended this requirement to relate only to conditions as they existed at the time the ditch was constructed, it would have been an easy matter to have said so. We see no difference between the rule which should be applied in construing this statute and that applied to the statute requiring railway companies to construct farm crossings across their roads. The principle involved is the same in each.

This question is fully and very ably discussed in *Quantock v. Missouri, K. & T. R. Co.*, 117 Mo. App. 469, where, in construing the section of the Missouri statute providing for farm crossings by railroads, it is held that the statute "was not intended to apply only to farms which the road divided by its original construction, but should apply where farming lands on both sides of the road are afterward's owned by a single proprietor." This decision was by the Kansas City court of appeals and being in conflict with a construction of the same statute by the St. Louis court of appeals in *Stumpe v. Missouri P. R. Co.*, 61 Mo. App. 357, the case was transferred to the supreme court for final determination. That court, in 197 Mo. 93, expressly disapproved the holding of the St. Louis court of appeals, and affirmed the holding of the Kansas City court. The syllabus reads: "The statute, requiring a railroad which cuts a farm in two to construct a crossing for the benefit of the

owner, applies in all cases where the farm lies on both sides of the railroad, whether the owner owned it at the time the railroad was built, or subsequently acquired by purchase tracts lying on different sides which together constitute one farm." The supreme court cuts its own opinion short, thus (p. 96): "We do not deem it necessary to enter upon a further discussion of this subject, because in the opinion of our Kansas City court of appeals, by Ellison, J., in this case, reported in 117 Mo. App. 469, everything is said that is necessary to be said, and we adopt that as our opinion." Emulating the example of the Missouri supreme court, we adopt the reasoning of Ellison, J., of the Kansas City court, as being applicable to the case at bar, and sound in principle.

*Franklin County v. Wilt & Polly*, 87 Neb. 132, strongly relied upon by respondent, does not sustain its contention. In that case the county sought to compel the respondents, who were the owners of a private mill, to construct a bridge over their mill race at a point on their private grounds where it was intersected by a public road laid out seven years after the construction of the mill race. That such a case is clearly distinguishable from the one at bar is shown by the language of Judge Root, as follows (p. 134): "There is nothing in the record to indicate that the mill to which the raceway is appurtenant is a toll mill, that any right exercised in operating it was acquired by the exercise of the right of eminent domain, or that the respondents' business is affected in any manner with a public interest."

It is next urged that, if the statute under consideration applies to a case like the one at bar, it is unconstitutional, for the reason that it is class legislation in that it does not apply to all waterways, but only to irrigation ditches, and *State v. Farmers & Merchants Irrigation Co.*, 59 Neb. 1, is cited in support of the contention. We think counsel are in error. The cited case holds that section 58, art. II, ch. 93a, Comp. St. 1897, is void, but also holds that the section is not so intimately connected with the remainder of the act as to be incapable of separation from it, and

announces the oft-repeated rule that, when a separable part of a statute is adjudged to be null, the remainder continues in force, unless the unconstitutional part was an inducement to the adoption of the measure, which the opinion holds was not true in that case. Turning then to chapter 93a, *supra,* and eliminating from it section 58, thus held void, we find that section 51 is in the exact language of the section of the statute we are now considering, and under which the present action was instituted. We are unable to see how section 51, *supra,* is vulnerable to the holding made as to section 58.

It is next said that the section under consideration is void, for the reason that respondent is given no compensation for the taking of its property for the purpose of a bridge, and that it would take the property of respondent for private purposes. The answer to this contention is that the burden thus imposed upon a ditch company constitutes a part of the consideration for the valuable right of eminent domain given it by the statute. Without such right it could not build its ditch through a man's farm. Having accepted the right to build, regardless of the wish of the landowner, it must take that right burdened with the conditions imposed by the legislature. The question of the weight of the burden is one for the consideration of that body, and not for the court.

The judgment of the district court is reversed and the cause remanded, with directions to grant a peremptory writ of mandamus, as prayed in relator's petition.

REVERSED.

ROSE and SEDGWICK, JJ., not sitting.